188 So. 677

McWILLIAMS v. MARTIN.

6 Div. 496.

Supreme Court of Alabama.

May 4, 1939.

Robert Giles, of Birmingham, for appellant.

Edgar Allen, of Birmingham, for appellee.

ANDERSON, Chief Justice.

■ Bill in equity to set aside and cancel a judgment at law, valid on its face, because the complainant has a meritorious defense to same which she failed to present because of fraud, accident or mistake. It is essential to the equity of such a bill that the averments of same should show diligence on the complainant's part and negative negligence as to the failure to present her defense in the law court.

■ It may be conceded that the bill sets up a good defense to the action at law, but it, in effect, shows that the failure to present same was due to the neglect or failure of her employed attorney who failed to keep her informed of the condition of the case and trial and the result of same. An attorney being an agent duly authorized, his acts are those of his client. The client is therefore bound by all the acts of his attorney in the course of legal proceedings in the absence of fraud or collusion, and he can not plead the negligence of his attorney as a ground for relief. Albert Hass Lumber Co. v. Gibson, 172 Ala. 111, 54 So. 994, Ann.Cas.1913D, 497.

■ Moreover, we think the bill of complaint presents a plain case of laches. Bills of this character have had applied to them, by way of analogy, the statute of limitations under Section 6608 of the Code of 1923. Manegold et al. v. Beavan, 189 Ala. 241, 66 So. 448. The complainant, however, is not precluded by this statute if she has a good excuse for the delay. Here, she claims as an excuse a want of knowledge of the judgment until the levy on her land nearly nine years after the rendition of same. Her attorney must have known of same, but, apart from this, she was guilty of great indifference and gross negligence in not finding out the result of a suit against her in which she had been served with notice and had employed counsel to defend same. The excuse offered in the present bill is no better than, if as good as, the one held insufficient in the well considered case of Barrow v. Lindsey, 230 Ala. 45, 159 So. 232.

The trial court did not err in sustaining the demurrer to the bill of complaint.

The case chiefly relied upon by appellant, Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456, is unlike the one in hand. There, it appeared that the suit was on a note signed by both the complainant and her husband, that there was no service on her, but service on her husband alone who told her he was sued on the note, but that she was not served with the subpoena and he told her that she would not have to go to court and she did not attend court and did not know that any judgment was rendered against her and that she did not learn of the judgment until it was recorded against her. This was all within four months of the rendition of the judgment and one of the points made:

626

was that she should have proceeded under the four months' statute, Code 1923, § 9521, and the court properly held that both ways were open to her. Nor does it appear that the bill was not filed within three years. The bill also charges that she was prevented by the fraud of her husband from making a defense thereto.

Here, it does not appear that she and her husband both signed the note or were both sued jointly. She was sued alone and there was service upon her, her husband merely recommending an attorney whom she employed and who was her agent.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.