151 So.2d 790

**Ex parte Roosevelt HOWARD.**

**In re Roosevelt HOWARD**

v.

**STATE of Alabama.**

**3 Div. 25.**

Supreme Court of Alabama.

April 4, 1963.

Solomon S. Seay, Jr., Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Roosevelt Howard was convicted in the Circuit Court of Butler County of murder in the first degree. His punishment was fixed at death. On appeal to this court the judgment of conviction was affirmed. Application for rehearing was later overruled. Howard v. State, 273 Ala. 544, 142 So.2d 685.

Howard has filed in this court a petition to be permitted to file a petition for writ of error coram nobis in the trial court. Such is the proper procedure where this court has affirmed the judgment of conviction.

Howard, a Negro, bases his application on the assertion that members of his race were systematically excluded from the grand jury which indicted him and the petit jury which tried him, solely on account of race and color.

It is not contended that any matter involving the regularity of either the grand jury or petit jury was presented in his trial in the circuit court, either as originally conducted or on motion for a new trial.

The matter of exclusion from jury service solely because of race or color is a Federal question. Recent Federal decisions have held, if we understand them correctly, that the matter of jury exclusion may be raised in post-conviction proceedings where it does not appear that there was a waiver in the trial court of the right to attack the composition of the jury on constitutional grounds. United States ex rel. Seals v. Wiman, 5 Cir., 304 F.2d 53, certiorari denied by United States Supreme Court, 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722; United States ex rel. Goldsby v. Harpole, 5 Cir., 263 F.2d 71. However, we do not understand the cases just cited to hold that a defendant may gamble on the outcome of his trial and then raise the jury exclusion question in a post-conviction proceeding where, at the time of his trial, he had knowledge of facts which would have enabled him to attack the composition of the grand or petit jury.

For aught appearing in the petition presently before us, petitioner possessed knowledge of such facts. There is no averment in the petition denying that there was a waiver in the trial court. Hence, we hold that the prayer of the instant petition must be denied without prejudice to the right of Howard to file another petition in this court.

Petition denied.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.