155 So.2d 334

**Ex parte Drewey AARON, Jr.**

**3 Div. 40.**

Supreme Court of Alabama.

June 20, 1963.

Solomon S. Seay, Jr., Montgomery, for petitioner.

Richmond M. Flowers, Atty. Gen., Geo. D. Mentz, Asst. Atty. Gen., Wm. F. Thetford, Circuit Solicitor and Maury D. Smith, Deputy Solicitor, Montgomery, for the State.

GOODWYN, Justice.

Petition of Drewey Aaron, Jr., a Negro, for leave to file in the circuit court of Montgomery County a petition for a writ of

error coram nobis to review and vacate a judgment of that court sentencing him to death for the rape of a white woman.

On July 17, 1959, Aaron was indicted for this offense by a Montgomery County grand jury. His trial by a petit jury resulted in a verdict of guilty, with death being fixed as his punishment. Judgment thereon was rendered on July 29, 1959. Aaron's motion for a new trial was overruled on September 21, 1959. On appeal here, the judgment was reversed on July 14, 1960, and the cause remanded to the circuit court for another trial. Aaron v. State, 271 Ala. 70, 122 So.2d 360.

On Aaron's retrial the verdict was the same as on the first trial, and judgment thereon was rendered on November 29, 1960. His motion for a new trial was overruled on January 24, 1961. On appeal here, the judgment was affirmed on September 28, 1961, and Aaron's application for rehearing was denied on April 5, 1962. Aaron v. State, 273 Ala. 337, 139 So.2d 309. His petition fror certiorari was denied by the Supreme Court of the United States on October 8, 1962, Aaron, petitioner, v. Alabama, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82 (1962).

On December 3, 1962, the original petition now before us was filed here. An amended petition was filed on January 14, 1963, pursuant to an extension of time granted at Aaron's request. The propriety of coram nobis is based on allegations that both the grand jury and the trial jury were illegally constituted, thus denying to petitioner "the due process of law and the equal protection of the laws guaranteed by the Constitution and laws of the State of Alabama and of the United States."

Throughout both trials petitioner was represented by two Negro attorneys, neither of whom was court appointed and one of whom was a practicing lawyer in Montgomery County, where the trials were held. The records of the two trials do not disclose the source of their employment, but there is no indication or suggestion that their representation of petitioner was lacking in diligence on their part in any way, nor that petitioner was other than completely satisfied with their services as his attorneys. Indeed, they were successful in securing a reversal of petitioner's first conviction, and the record in the second trial discloses their able representation of petitioner.

At no time, and in no way, prior to the filing of the present petition, did the petitioner or his counsel question the composition of the grand jury or either of the petit juries. In fact, according to the affidavit of the trial judge incorporated in the motion to dismiss the petition, the defendant's attorneys were asked by the judge, prior to defendant's arraignment, "in the presence of the defendant, whether they intended to file motions or pleas attacking either the Grand Jury or the Petit Jury venire because of the racial makeup of such Grand Jury or Petit Jury venire," and that the attorneys, in defendant's presence, advised the judge "that they did not intend to attack either the Grand Jury or the Petit Jury Venire on racial grounds." In this connection, the trial judge's affidavit also contains the following statements, viz: "I made this inquiry of the defendant and his attorneys because I am a member of the Montgomery County Board of Jury Supervisors and would have had to recuse myself should an attack be made on the jury system because of racial discrimination. The inquiry which I directed to the defendant's attorneys and the defendant was made in open Court at the conclusion of rulings on motions, appearing in the records of the first Aaron trial, and prior to actual arraignment."

On authority of Ex parte Seals, 271 Ala. 622, 126 So.2d 474, cert. den. 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246, the petition is due to be denied.

Petition denied.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.

LAWSON and SIMPSON, JJ., dissent,

MERRILL, Justice (concurring).

These remarks contain additional reasons for my concurrence in the foregoing opinion.

Petitioner alleges that members of the Negro race are systematically excluded from the jury in Montgomery County and then, to excuse the failure to raise the point earlier, makes this statement:

"Facts on which this petition are based were not known to petitioner at the time of trial, nor could they with reasonable diligence have been ascertained. Said facts however, if known in season, would have prevented rendition of the judgment challenged."

The petition is signed and sworn to by the defendant.

This is not sufficient in this case. Lawyers are hired by defendants, or appointed by the court when they are unable to employ them, in order that they might represent the defendant and protect the client's rights, especially as to those legal matters and rights of which the client has no knowledge or experience. Most any defendant could make an affidavit that he did not know the legal effect of many things that went on at his trial, but that cannot mean that knowledge is not imputed to him.

An attorney is the duly authorized agent of his client and his acts are those of his client. The client is, therefore, bound by the acts of his attorney in the course of legal proceedings in the absence of fraud or collusion, McWilliams v. Martin, 237 Ala. 624, 188 So. 677; and knowledge of the attorney is imputed to the client, notwithstanding the client had no actual knowledge or notice of the facts and circumstances. Silvey & Co. v. Cook, 191 Ala. 228, 68 So. 37. The courts have made some exceptions to these rules, but as is subsequently shown in this opinion, the leading case on the question here involved, United States ex rel. Goldsby v. Harpole, 5 Cir., 263 F.2d 71, is quite different from the instant case.

As stated in the opinion of the court, the petitioner was represented by a Negro lawyer of his own choosing in his first trial, on the appeal here when judgment of conviction was reversed, at the second trial, on the second appeal when judgment was affirmed, on his petition for certiorari to the United States Supreme Court, and by the same lawyer in this proceeding. This lawyer has been in the active practice of the law in Montgomery County, and it is beyond the realm of speculation that any active lawyer, practicing law and residing in Montgomery, could fail to know that the question of exclusion of Negroes from the juries in Montgomery County has been raised in recent years, and has not been raised successfully.

The Montgomery County Board of Jury Supervisors is different from jury commissions of all the other counties in Alabama. In the other sixty-six counties, the members are appointed by the governor. In Montgomery County, certain officials are members, and the law makes the circuit judges of Montgomery County members of the Board. Therefore, whenever the question of systematic exclusion of Negroes from the jury box is raised, the circuit judges must recuse themselves and either a judge from another county is called in to try the case, or the parties agree on a member of the Montgomery bar to act as special judge for the case.

The attendant publicity, especially among the local lawyers, renders it inconceivable that any qualified and active local attorney would not know of the raising of the question because a new judge would have to be selected and serve during the trial.

One of the cases mentioned in the record before us is worthy of mention. The defendant, indicted for rape, was represented by *white* lawyers. They raised the question of systematic exclusion of Negroes from the juries at the proper time, causing the recusal of the elected circuit judge and the appointment of a member of the local bar upon whom all parties concerned had agreed. The question was tried in circuit

court, was treated here on appeal, and was argued in the United States Supreme Court where the judgment of conviction was reversed. See Reeves v. State, 260 Ala. 66, 68 So.2d 14, reversed 348 U.S. 891, 75 S.Ct. 214, 99 L.Ed. 700.

The case was retried in circuit court, the same question was raised, this time by Negro attorneys, who were then representing the defendant; it was treated again on appeal to this court where the judgment of conviction was again affirmed; certiorari was granted and then dismissed by the Federal Supreme Court. See Reeves v. State, 264 Ala. 476, 88 So.2d 561, certiorari granted, 352 U.S. 965, 77 S.Ct. 373, 1 L.Ed. 2d 321, certiorari dismissed, 355 U.S. 368, 78 S.Ct. 363, 2 L.Ed.2d 352.

The record also shows that another unsuccessful attack, raising the same question, was made in 1960 in a case in which the defendant, Martin Luther King, Jr., was acquitted by the jury. The record also shows that in 1961, the lawyer who represents the petitioner in the instant case raised the same question in a case involving a Negro client.

It cannot be said that the petitioner or his attorney did not have knowledge of the question or that it had been raised and litigated in cases previous to the instant case.

The record also contains the evidence of four of the members of the Board of Jury Supervisors which positively contradicts the charge of systematic exclusion of Negroes from juries.

There is evidence of lawyers and a newspaper reporter that, based upon their judgment and observation, the number of Negroes appearing an jury panels in the circuit court is equal, proportionately, to the number of Negroes appearing on jury panels in Federal District Court in Montgomery.

The record before us negates preponderantly the allegations in the petition that Negroes are systematically excluded from the jury rolls in Montgomery County, and these facts alone justify the denial of the petition.

The facts here are far different than those in United States ex rel. Goldsby v. Harpole, 5 Cir., 263 F.2d 71, where it was said that in ordinary procedural matters, the defendant in a criminal case is bound by the acts or nonaction of his counsel, and that rule might extend to a waiver of the objection that Negroes were systematically excluded from grand or petit juries. Although the court, in the Harpole case, held the facts there did not constitute a waiver, we think the overwhelming evidence in the record before us shows that the petitioner's lawyer knew or should have known that the question had been recently raised, had been litigated fully in the courts, that it had been decided that there was no systematic exclusion of Negroes from the jury rolls in Montgomery County, and that his client could have his case tried by a member of the bar agreed on by him instead of the elected circuit judge in the event he did raise the question at the proper time.

Also in the Harpole case, it was held that had the question been raised, it should have been sustained. But here, the overwhelming evidence is, that had the question been raised, it would not have been sustained.

Again in Harpole, it was suggested that the record should have shown the reasons for the white lawyer's failure to raise the federal question at the proper time, in view of the fact that his employment ceased after the original trial. Such a procedure would be grossly unfair in the instant case because the petitioner has been represented by his present attorney of record since his arraignment, during his two trials and his two appeals to this court and to the Supreme Court of the United States.

In Harpole, the court said:

"* * * Upon this record, we hold that the appellant's constitutional right to be tried before a petit jury from which Negroes have not been systematically excluded has not been effectively waived by counsel authorized to make such waiver."

Upon the record before us, we find no allegation of exclusion which is not fully and completely answered by evidence of such preponderance as to show adequately that the petition should be denied. The Supreme Court of the United States has said that this court, "in its supervisory capacity over the enforcement of the law, was called upon to determine also the reasonableness of the allegations made in the petition and the probability or improbability of their truth." Taylor v. Alabama, 335 U.S. 252, 262, 264, 265, 68 S.Ct. 1415, 1420, 92 L.Ed. 1935.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.

LAWSON, Justice (dissenting).

The holding of the court is in direct conflict on this federal question with the holdings of the United States Circuit Court of Appeals for the Fifth Circuit in United States v. Wiman, 304 F.2d 53, certiorari denied by the United States Supreme Court, 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722, and in United States ex rel. Goldsby v. Harpole, 5 Cir., 263 F.2d 71, and, in effect, overrules our recent case of Ex parte Howard, ante, p. 59, 151 So.2d 790.

It is true that under our former holdings the failure to timely file motions to quash an indictment and the petit jury constituted a waiver to raise those questions in a post-conviction proceeding.—Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, and cases cited; Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Seals v. State, 271 Ala. 622, 126 So.2d 474.

In Ex parte Howard, supra, we in effect recognized that our holdings in the cases last cited above had been vitiated by the Harpole Case and the Wiman Case.

In Seals v. State, supra, we were confronted with a petition for leave to file in the trial court a petition for writ of error coram nobis by Seals, a Negro, whose conviction of rape had been affirmed by this court.—Seals v. State, 271 Ala. 142, 122 So.2d 513. The right to file the petition was grounded on averments to the effect that Negroes had been systematically excluded from the grand jury which indicted Seals and the petit jury which tried him. We denied the petition on the ground that no matter involving irregularities of either the grand jury or petit jury was presented in Seals' trial for rape. We quoted at length from Johnson v. Williams, supra. Certiorari was denied by the Supreme Court of the United States without prejudice to an application for a writ of habeas corpus in the appropriate United States District Court.—Seals v. Alabama, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246.

In accordance with the suggestion made by the Supreme Court of the United States, Seals filed an application for habeas corpus in the United States District Court for the Middle District of Alabama, where a judgment was entered denying the application. Seals appealed to the United States Court of Appeals, Fifth Circuit, which reversed the judgment of the District Court and in doing so said as follows:

"Left for decision is the question of whether the objection to the grand jury or to the petit jury or to both on the ground of systematic exclusion of Negroes remains open for consideration in this habeas corpus proceeding. The Alabama Supreme Court was of the opinion that Seals had waived his constitutional rights to insist that members of his race not be systematically excluded because of race from both grand jury and petit jury service when he and his attorney did not make the objection on his trial nor on motion for new trial. Ex parte Seals, 1961, 271 Ala. 622, 126 So.2d 474, 475. *We do not agree.*" (Emphasis supplied)—United States v. Wiman, 5 Cir., 304 F.2d 68.

The court in the instant opinion has seen fit to perpetuate our holdings in Johnson v. Williams, supra; Ex parte Taylor, supra; and Seals v. State, supra, irrespective of the fact that under the holdings of the two cases cited above from the Fifth Circuit

it follows that the petitioner, Aaron, in a habeas corpus proceeding in a federal district court will be able to attack the composition of the grand jury which indicted him and the petit jury which tried him.

It seems to me that we should not, in an effort to perpetuate our own decisions, force these cases which involve the composition of our juries into the federal courts, and that is the inevitable result of the court's holding in this case. These questions should be decided in the state courts with the right of review, of course, in the United States Supreme Court. I would grant leave to file the petition for writ of error coram nobis in the Circuit Court of Montgomery County.

SIMPSON, J., concurs in the foregoing views.