173 So.2d 111

**Charles Edward THOMAS**

v.

**STATE of Alabama.**

I Div. 190.

Supreme Court of Alabama.

March 18, 1965.

Douglas Stanard, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Charles Edward Thomas, a negro, was convicted of robbery in the Circuit Court of Mobile County. He was sentenced to serve a term of twenty-five years in the penitentiary. He has appealed to this court.

Submission here was on the record proper without a transcript of the evidence adduced at the trial. Thomas has made no effort to show in the trial court or in this court that he is entitled to a free transcript of the evidence on the ground that he is indigent.

Thomas was represented by counsel at all stages of the trial and the experienced attorney who represented him throughout most of the trial appears for him in this court.

■ The State in its original brief took the position that since there is no evidence in the record before us we should affirm without treatment of any of the rulings of the trial court which appear in the record proper.

But the appeal may not be disposed of in such a summary fashion.

The trial court, on motion of the State, struck Thomas' motion to quash the indictment on the ground that it was returned by a grand jury from which negroes had been systematically excluded because of their race or color.

■ In a long line of cases going back many years, the Supreme Court of the United States has held that a criminal defendant is denied the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States if he is indicted by a grand jury or tried by a petit jury from which members of his race have been excluded because of their race. Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, and cases cited.

Decisions of this court are to the same effect. Washington v. State, 269 Ala. 146, 112 So.2d 179, and cases cited. In the early case of Green v. State, 73 Ala. 26, 31, Mr. Justice Stone, writing for the court, said:

" * * * We have uniformly, on Federal questions—those in the solution of which the Federal Supreme Court exercises a supervision of our judgments—conformed our rulings to the

law as declared by that tribunal. This we have done, because, on all questions arising under the Constitution of the United States, and the acts of Congress thereunder, the rulings of that court are final, to which all State tribunals must yield. Nelson v. McCrary, 60 Ala. 301; Pollard v. State, 65 Ala. 628; Maguire v. Road Commissioners, 71 Ala. 401. We will not depart from these rulings, however much we may sometimes differ from the reasoning and conclusions of the majority of that court. * * *"

■ It seems to be settled that a motion to quash is the proper way to challenge an indictment and a trial venire on the ground of intentional racial discrimination. Washington v. State, supra, and cases cited.

■ Sections 278 and 285, Title 15, and § 46, Title 30, Code 1940, have been held to be procedural statutes, designed to prevent quashing of indictments or venires for mere irregularities and to obviate the resulting delays in the administration of justice. Those statutes do not deny to one charged with a crime the right to present for a determination the question of whether the rights guaranteed by the Fourteenth Amendment to the Constitution of the United States have been violated. Vernon v. State, 245 Ala. 633, 18 So.2d 388; Washington v. State, supra.

The State's motion to strike the motion to quash the indictment was grounded on the fact that the motion to quash was filed after the defendant, Thomas, had pleaded not guilty to the indictment.

Under several decisions of this court the State's motion was well taken and under those decisions the trial court did not commit reversible error in granting the State's motion.

In the following cases, among others, this court held that a motion to quash an indictment, to be available, must be made before arraignment and plea to the merits. Johnson v. State, 134 Ala. 54, 32 So. 724;

Bell v. State, 227 Ala. 254, 149 So. 687; Wimbush v. State, 237 Ala. 153, 186 So. 145; Owen v. State, 255 Ala. 354, 51 So. 2d 541; Reeves v. State, 264 Ala. 476, 88 So.2d 561. The rationale of the holdings in those cases is that by not filing the motion to quash before pleading to the merits, the defendants waived any right they might have to have the indictments quashed.

If we were to affirm the action of the trial court in striking Thomas' motion to quash because not timely filed, it is probable that the Supreme Court of the United States would not disturb our action on direct attack. In the case of Fay v. Noia, 372 U.S. 391, 428, 83 S.Ct. 822, 843, 9 L.Ed.2d 837, it was said:

"It is a familiar principle that this Court will decline to review state court judgments which rest on independent and adequate state grounds, notwithstanding the co-presence of federal grounds. * * *"

But see Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

But Fay v. Noia, supra, holds, as we understand the opinion, that if the defendant brings habeas corpus proceedings in the appropriate federal court, that court can inquire into the facts and make its own determination as to whether the petitioner did in fact waive his constitutional rights. Fay v. Noia holds that an independent state ground does not arbitrarily bar federal review on habeas corpus.

The United States Court of Appeals for the Fifth Circuit in Whitus v. Balkcom, 333 F.2d 496, relying on Fay v. Noia, held a Georgia rule of assuming waiver from a failure to make a timely objection would not be allowed to frustrate the federally guaranteed right of a fairly constituted jury. This despite the fact that Whitus did not attempt to raise the jury question in the Georgia trial court.

There are two other decisions of the United States Court of Appeals for the

Fifth Circuit which deal with the question of waiver in systematic exclusion cases— United States ex rel. Goldsby v. Harpole, 263 F.2d 71, cert. denied, 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78; and United States ex rel. Seals v. Wiman, 304 F.2d 53, cert. denied, 372 U.S. 924, 83 S.Ct. 741, 9 L.Ed. 2d 729. In each case the attorneys for the negro defendant did not make a timely objection to the composition of the jury. In spite of this noncompliance with the state rule requiring such an objection to be made in the early stages of a trial, the court held that there was no waiver.

Seals v. Wiman, supra, arose out of a conviction of Seals in the Circuit Court of Mobile County of the crime of rape. His conviction was affirmed by this court. Seals v. State, 271 Ala. 142, 122 So.2d 513. A petition for leave to file in the trial court a petition for writ of error coram nobis was denied by this court on the ground that Seals, a negro, by not timely attacking the composition of the jury in the trial court, had waived his right to assert that members of his race had been systematically excluded from the grand and petit jury. Certiorari was denied by the Supreme Court of the United States, without prejudice to an application for a writ of habeas corpus in the appropriate United States District Court. Seals v. State of Alabama, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246. Application was then made to a federal district court pursuant to the suggestion of the Supreme Court of the United States, but the application for writ of habeas corpus was denied. An appeal then followed to the United States Court of Appeals for the Fifth Circuit, where it was held that there had been no waiver and Seals' conviction was held to be unconstitutional, void and of no effect.

We had this question of waiver in Ex parte Aaron, 275 Ala. 377, 155 So.2d 334. Aaron's first conviction was reversed by this court. Aaron v. State, 271 Ala. 70, 122 So.2d 360. After remandment he was retried and was again convicted. On appeal to this court we affirmed. Aaron v. State, 273 Ala. 337, 139 So.2d 309. Certiorari

was denied by the Supreme Court of the United States. Aaron v. Alabama, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82. Thereafter Aaron filed in this court a petition for leave to file in the trial court a petition for writ of error coram nobis raising the question of exclusion of members of his race, Negro, from both the grand jury and the petit jury. We denied the petition filed here. Certiorari was denied by the Supreme Court of the United States. Ex parte Aaron, 275 Ala. 377, 155 So.2d 334, cert. denied, Aaron v. Alabama, 375 U.S. 898, 84 S.Ct. 177, 11 L.Ed.2d 126.

■ This court's denial of the petition was based on the ground that Aaron, a negro, had waived his right to question the compensation of the grand and petit jury because he had not timely filed a motion to quash in the trial court. The court's opinion shows an express waiver by the defendant and his negro attorneys prior to arraignment. The refusal of the Supreme Court of the United States to review a state court case can never be construed as showing approval of the state court's holding. But that is even more true in a case where the holding of the state court is based on "independent and adequate state grounds, notwithstanding the co-presence of federal grounds." Fay v. Noia, supra; Henry v. State of Mississippi, supra. Leave to file was also denied on the ground that the evidence showed that negroes were not systematically excluded from the jury rolls of Montgomery County.

We also had this waiver question in Ex parte Howard, 275 Ala. 59, 151 So.2d 790. Howard was convicted of murder in the first degree in the Circuit Court of Butler County. On appeal to this court the judgment of conviction was affirmed. Howard, a negro, then filed in this court a petition to be permitted to file a petition for writ of error coram nobis in the trial court on the ground that members of his race had been systematically excluded from the grand jury which indicted him and the petit jury which tried him, solely on account of race. This question had not been raised in

the trial court. In denying the petition for leave to file in the trial court a petition for writ of error coram nobis on the asserted ground, we took cognizance of the holdings in Seals v. Wiman, supra, and in State ex rel. Goldsby v. Harpole, supra, but construed those cases as not applying where the defendant at the time of his trial had knowledge of facts which would have enabled him to attack the composition of the grand or petit jury, and we pointed out that for aught appearing in Howard's petition he possessed knowledge of such facts. However, on application for rehearing we granted the application, withdrew the original opinion, and granted Howard leave to file his petition for writ of error coram nobis in the trial court. The application for rehearing was filed by the State and we acceded to the State's request.

The review of our cases on the subject perhaps does nothing more than point up our uncertainty as to the stand we should take in regard to this matter of waiver of the right to attack the composition of a grand or petit jury because of exclusion of negroes, in view of the federal cases on the subject and the disposition of those courts in habeas corpus proceedings to order new trials despite the fact that the negro defendants had not raised the exclusion question at the original trials.

Fay v. Noia, supra, points out why the Supreme Court of the United States has refused to review the holdings of state courts based on waiver and yet that court suggests, as it did in Seals v. State of Alabama, supra, that habeas corpus proceedings be instituted in the appropriate federal court for a determination of the question as to whether the defendant has been denied his constitutional right to be indicted and tried by juries from which members of his race have not been systematically excluded.

In view of the holdings of the federal courts, we feel that it is useless to follow our cases which hold in effect that a negro defendant waives his right to raise the exclusion question unless he does so prior to arraignment and plea to the merits. See Cobb v. Balkcom, 5 Cir., 339 F.2d 95, 97.

If the federal courts have found no waiver where the jury exclusion question was not even attempted to be raised on the trial, we feel certain that those courts would come to the same conclusion where there was an effort to raise the question before trial but after arraignment and plea.

It might be said that this court is not bound to follow federal courts on federal questions except the Supreme Court of the United States, but to ignore the consistent holdings of those courts on this question, which holdings have not been disturbed by the Supreme Court of the United States although efforts have been made to have it overturn those holdings, can only lead to further delay in bringing about the punishment of those guilty of violating the laws of this state.

We hold that the trial court erred in striking Thomas' motion to quash the indictment.

For the same reasons we hold that the trial court erred in striking Thomas' motion to quash the petit jury.

We do not want to be understood as holding in this opinion anything more than that a negro defendant who, before trial, files a motion to quash an indictment or a petit jury on the ground that members of his race were systematically excluded therefrom does not waive his right to have that motion heard and acted on simply because the motion is filed after arraignment and plea to the merits.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur except COLEMAN, J., who dissents.

COLEMAN, Justice (dissenting).

As stated in the majority opinion, the trial court, following precedents, correctly

sustained the motion to strike the motions to quash the indictment and venire. I am of opinion that we should follow the precedents and sustain the action of the trial court.·

If defendant desires to raise the objection that he has been denied due process by systematic exclusion of negroes from the jury rolls, then defendant may raise this point by application for writ of error coram nobis. I do not express any opinion as to whether defendant would or would not be entitled to relief on such application.