214 So.2d 327

**Drewey AARON, Jr.**

v.

**STATE of Alabama.**

3 Div. 298.

Supreme Court of Alabama.

Sept. 19, 1968.

Chas. S. Conley, Montgomery, Jack Greenberg, Jas. M. Nabrit, III, Norman C. Amaker and Conrad Harper, New York City, N. Y., for appellant.

MacDonald Gallion, Atty. Gen., Leslie Hall, Asst. Atty. Gen., and David W. Crosland, Dist. Atty., for the State.

KOHN, Justice.

The original opinion is withdrawn, and this opinion is substituted therefor.

This is an appeal for an order of the circuit court of Montgomery County dismissing appellant's petition for writ of error coram nobis, on June 26, 1967.

Petitioner, Drewey Aaron, Jr., was indicted and convicted for rape in the circuit court of Montgomery County, Alabama. He was sentenced to death July 30, 1959. Motion for new trial was denied and appeal was taken to this court, which reversed the judgment of the circuit conrt on July 14, 1960. Aaron v. State, 271 Ala. 70, 122 So.2d 360. The cause was again tried in the same court and the same judgment resulted on November 29, 1960. Motion for new trial was overruled on January 24, 1961, and an appeal was taken to this court, which affirmed the judgment of the circuit court on September 28, 1961. Aaron v. State, 273 Ala. 337, 139 So.2d 309. On April 5, 1962, this court denied petitioner's application for rehearing. A petition for writ of certiorari, filed within the lawful time, was denied on October 8, 1962, by the United States Supreme Court, Aaron v. Alabama, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82.

A petiton for leave to file a petition for writ of error coram nobis, and an amendment thereto, was denied by this court on June 20, 1963. Ex parte Aaron, 275 Ala. 377, 155 So.2d 334. A petition for writ of certiorari filed within the lawful time was denied by the United State Supreme Court on October 28, 1963. Aaron v. Alabama, 375 U.S. 898, 84 S.Ct. 177, 11 L.Ed.2d 126. A supplemental application for leave to petition for writ of error coram nobis was filed in this court on February 1, 1965. This supplemental application was denied by this court on February 4, 1965. On February 15, 1965, a petition for writ of habeas corpus was filed in the United States District Court for the Middle District of Alabama, Northern Division.

Execution has been stayed from time to time pending appeal and post-conviction review. The United States District Court, on February 15, 1965, issued a stay of execution pending further order of the court. On July 2, 1965, the District Court continued in effect its stay of execution, and stayed further proceedings to allow petitioner reasonable time within which to present the substantial constitutional issues not heretofore presented to the courts of the State of Alabama.

Petitioner filed in this court his petition for leave to file petition for writ of error coram nobis in the circuit court of Montgomery County. This court granted said petition.

On May 17, 1966, appellant filed a petition for writ of error coram nobis in the circuit court of Montgomery County. On June 13, 1967, the State filed a motion to strike the petition. On the same day, such motion to strike was argued by both parties through their respective counsel. The court took the matter under advisement, along with a motion by appellant for a continuance. On June 26, 1967, the circuit court granted the State's motion to strike, and dismissed appellant's petition for writ of error coram nobis. In its order of June 26, 1967, the court, among other things stated:

"The Motion to Dismiss being well taken, it is hereby granted, and the Petition for Writ of Error Corum Nobis now before the court is hereby dismissed."

The same order of the court attempted to vacate the stay of execution which had been granted by the United States District Court for the Middle District of Alabama, and the court, in its order, set a date of execution for August 4, 1967.

On July 6, 1967, appellant filed a notice of appeal to this court. This court, on

July 12, 1967, entered an order staying appellant's execution pending disposition of the appeal and further order of this court.

On August 11, 1967, appellant filed in this court a petition for writ of certiorari to complete or correct the transcript of record heretofore filed in this court on July 12, 1967. Petition for writ of certiorari was granted by this court on August 14, 1967. In response to this writ of certiorari, the clerk of the circuit court of Montgomery County, stated as follows:

"1. That said Writ directs the undersigned to certify instanter, together with said Writ, a full, true, and complete transcript of Appellant's oral Motion for Continuance made on June 13, 1967, and the ruling of the Court granting such Motion on June 13, 1967.

"2. That the undersigned, in compliance with the command of said Writ, has made a diligent search of the records and proceedings in his office in the above-styled cause, and hereby reports that he is unable to certify a transcript of the items above listed in view of the fact that the records and proceedings in his office in said cause do not contain said oral Motion for Continuance and the ruling of the Court thereon."

There is nothing in the record to indicate that the motion for continuance was granted by the trial judge.

On December 19, 1967, appellant filed in this court a motion to compel the clerk of the circuit court to forward a complete record to this court. This motion was denied by this court on December 20, 1967. The case was then submitted on December 21, 1967.

It is clear from the record before us, that the petition for error coram nobis does not contain but one allegation that presents new matter which is of such a serious nature that it should have been passed upon by the trial court.

In paragraph 3, sub-paragraph (j) of his petition, petitioner alleges as follows:

"(j) Petitioner was deprived of due process of law and the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution in that persons who acknowledged having a fixed opinion against the imposition of capital punishment were eliminated from petitioner's petit jury pursuant to Title 30, Section 57 of the Alabama Code, which statute is unconstitutional on its face and as construed and applied. Such persons were struck without regard to whether, despite their personal feelings, they indicated a willingness to impose sentence according to law."

Petitioner also argued this assignment in his brief. In view of the holding in Witherspoon v. State of Illinois et al., 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (June 3, 1968), we think the petitioner should have been allowed a hearing in the trial court on this aspect of his petition, for this court granted the petitioner the right to file his petition for writ of error coram nobis in the circuit court of Montgomery County, Alabama, on March 14, 1966.

We hold that all other matters raised in the petition for error coram nobis have been passed upon in other proceedings before this court, or are of such a frivolous nature that they did not justify a hearing on the merits. For the reason noted, this cause is reversed and remanded.

Original opinion withdrawn.

Application for rehearing overruled.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.