**Leon HAMILTON, Petitioner,**

v.

**John C. WATKINS, Warden, Respondent.**

**Civ. A. No. 2993–N.**

United States District Court,
M. D. Alabama, N. D.

Feb. 12, 1970.

Leon Hamilton, pro se.

Walter S. Turner, Asst. Atty. Gen., State of Alabama, for respondent.

ORDER

JOHNSON, Chief Judge.

Petitioner, a Negro incarcerated by the State of Alabama pursuant to a conviction in 1932 in the Circuit Court for Montgomery County, Alabama, on a charge of robbery, seeks a writ of habeas corpus from this Court. Petitioner contends that he was not accorded a constitutionally valid trial because Negroes were systematically excluded from the

petit jury. After conducting a plenary hearing, the Circuit Court for Montgomery County, Alabama, on March 12, 1968, denied Hamilton's petition for a writ of error coram nobis. The Circuit Judge found "that absolutely no infringements of any constitutional rights occurred in the conviction of this petitioner." The Alabama Supreme Court affirmed on the grounds that no objection to the composition of the jury was raised at the trial, that no appeal was taken from the original judgment, and for the reason that some 36 years had passed since the trial and conviction. The Alabama Supreme Court stated: "It is the judgment of this Court that it now clearly comes too late. Ex Parte Seals v. State, 271 Ala. 622, 126 So.2d 474, cert. denied, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246; Ex Parte Aaron, 275 Ala. 377, 155 So.2d 334." 283 Ala. 660, 661–662, 220 So.2d 267 (1969). The Alabama Supreme Court quoted extensively from Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

The Supreme Court of the United States has set forth the standards for the granting of a hearing on the *facts* involved in a petition for a writ of habeas corpus after a state court has found against the state prisoner. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Townsend v. Sain is clear for the proposition that a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

The second issue presented to this Court is twofold: Whether there was a waiver and whether the delay, which is said to constitute a waiver, bars relief at this late date. A state court's finding of waiver does not bar an independent determination of the question by the federal courts on habeas corpus because waiver affecting federal rights is a federal question to be decided by the federal courts. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). See also United States ex rel.

Goldsby v. Harpole, 263 F.2d 71 (5th Cir., 1959). This Court recognizes that courts must indulge every reasonable presumption against waiver of fundamental constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 461 (1938). Here, the record of the trial is apparently lost. There has been no showing one way or the other that defendant's counsel gave conscientious consideration to selecting the particular jury that was selected in the Circuit Court of Montgomery County, Alabama, 36 years ago.

The other part of the second issue concerns what weight is to be given to the fact that Hamilton has waited approximately 36 years to raise this particular issue. The Supreme Court of the United States has held that a petitioner is not barred from seeking habeas corpus relief because he failed to pursue a state remedy open to him at one time but no longer available to him at the time he seeks habeas relief. Fay v. Noia, *supra*. Here, the undue length of time has resulted in the nonavailability of counsel that represented petitioner by reason of death; the judge that presided at the trial is also deceased, as well as the state prosecutor; and the state court record has been lost. Petitioner offers no explanation for the undue delay. Under such circumstances, this Court, without passing on the question of whether the state court has reliably determined the factual issues, is constrained to conclude that this undue delay constitutes a waiver of the issue now presented to this Court by petitioner.

Accordingly, it is the order, judgment and decree of this Court that petitioner's application for writ of habeas corpus filed by leave of this Court in forma pauperis December 15, 1969, be and the same is hereby denied.

It is further ordered that a copy of this order be served upon the petitioner and the warden now holding petitioner in custody, and that a copy of this order be mailed to the Attorney General of the State of Alabama, Montgomery, Alabama.