282

UNITED STATES of America,
Plaintiff,

v.

Harry WALLER, Defendant-Petitioner.

Civ. A. No. 5592-69-P.

United States District Court,
S. D. Alabama, S. D.

March 19, 1970.

———◆———

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

Harry Waller, pro se.

### ORDER

PITTMAN, District Judge.

On July 25, 1969, Waller filed a writ of Error Coram Nobis in this court. He complains of a conviction on *September 29, 1936,* following a guilty plea, in which he received 3½ years. He is presently incarcerated in California State Prison, Represa, California.

Although he has long since served the 1936 sentence, he now complains of its illegality because it now enhances his punishment for subsequent convictions.

Waller contends that before entering his guilty plea, he was not informed of his right to counsel and was not, therefore, represented by counsel at any stage of the proceedings in question. He thus concludes that, not knowingly waiving his right to counsel, his guilty plea cannot stand.

The United States raises the proposition that by waiting over 33 years to raise these contentions, petitioner has now waived the issues now presented.

This court recognizes that courts must indulge every reasonable presumption against waiver of fundamental constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), but in the case sub judice, the undue delay by Waller in attacking his conviction has resulted in the deaths of both the presiding judge, the Honorable John McDuffie, and the prosecuting attorney, the Honorable Francis H. Inge. Also, there is no transcript of the proceedings inasmuch as the policy of this court in 1936 was not to record guilty pleas unless specifically requested by one of the parties.

Thus, there is no one who can present evidence to rebut the contentions of the petitioner.

Petitioner offers no explanation for the undue delay. "Under such circumstances, this Court, without passing on the question of" the merits of Waller's contentions, "is constrained to conclude that this undue delay constitutes a waiver of the issue now presented to this Court by petitioner." Hamilton v. Watkins, 311 F.Supp. 263 (M.D.Ala.1970).

Accordingly, it is the order, judgment and decree of this court that petitioner's application for a writ of Error Coram Nobis be and the same is hereby denied.