432 F.2d 560
 Harry WALLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 29735 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 18, 1970.
 Harry Waller, in pro. per.
 C. S. White-Spunner, Jr., U.S. Atty., Irwin W. Coleman, Asst. U.S. Atty., Mobile, Ala., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harry Waller appeals from an order of the district court denying his petition for the writ of error coram nobis. In 1936, appellant was convicted on his plea of guilty in the United States District Court for the Southern District of Alabama for violating the National Motor Vehicle Theft Act. He was sentenced to three and one-half years, which sentence was completely served immediately after its imposition.
 
 
 2
 Appellant now challenges the validity of that conviction, alleging that he was unrepresented by counsel and that he did not knowingly waive his right to counsel. Appellant alleges that that judgment was used as a prior conviction to enhance punishment in a California state prosecution, resulting in a life sentence which appellant is presently serving.
 
 
 3
 The district court denied relief without an evidentiary hearing, stating that appellant's undue delay of 33 years in asserting this claim constitutes a waiver of the issue. United States v. Waller, S.D.Ala. 1970, 311 F.Supp. 282.
 
 
 4
 In Lujan v. United States, 5th Cir. 1970, 424 F.2d 1053, this Court was confronted with the same situation present in this case. There we held that Lujan was entitled to an evidentiary hearing on his contention that he was not represented by counsel and did not knowingly waive his right to counsel when he entered his guilty plea in 1947. We stated that only where the files and records show conclusively that a petitioner is entitled to no relief can a hearing be denied. United States v. Morgan, 1954, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248. In our present case the record is completely silent on the issue.
 
 
 5
 Therefore, we vacate the judgment below and remand for an evidentiary hearing to determine whether appellant was denied his right to counsel at the time of conviction and whether he is suffering from collateral disadvantages as a result of that conviction so as to entitle him to the relief sought.
 
 
 6
 Vacate and remand.