272 So.2d 609

Ex parte Drewey AARON

v.

STATE.

3 Div. 174.

Court of Criminal Appeals of Alabama.

March 20, 1973.

Howard A. Mandell, Montgomery, for petitioner.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Aaron has filed a petition for a writ of error alleging that his death sentence for rape is an error of law apparent on the record under Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

Aaron's former cases may be found in 271 Ala. 70, 122 So.2d 360; 273 Ala. 337, 139 So.2d 309; 275 Ala. 377, 155 So.2d 334; and 283 Ala. 52, 214 So.2d 327. The last cited opinion gives a concise summary of the course of this litigation.

Technically, we should issue the writ, have the record brought up and pass upon it to ascertain what every one knows, to wit: that Aaron is under sentence to be electrocuted. However, on oral argument the State waived the issuance of the writ. Inasmuch as the petition of instant concern has attached a certified copy of the circuit court's minute entry showing the death sentence, we pass over the steps of asking for and receiving a formal certification. See Ward v. Williams, 270 Ill. 547, 110 N.E. 821; Cook v. City of Austin, 161 Tex. 294, 340 S.W.2d 482.

On authority of Swain v. State, 289 Ala. 123, 274 So.2d 305 (1973) we hereby "commute" the death sentence into one of imprisonment for life. The necessary mandate shall issue to the clerk of the circuit court of Montgomery County as in *Swain*, supra, provided.

Judgment modified.

DeCARLO, J., concurs.

ALMON, TYSON and HARRIS, JJ., concur in result.