Rel: September 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2024-0115

_____

**Mobile Investments, LLC, and The Broadway Group, LLC**

**v.**

**Corporate Pharmacy Services, Inc.**

**Appeal from Etowah Circuit Court**
**(CV-20-900608)**

COOK, Justice.

This appeal concerns a default judgment that was entered against

the defendants Mobile Investments, LLC, and The Broadway Group, LLC ("TBG"), by the Etowah Circuit Court as a sanction under Rule 37(b)(2)(C), Ala. R. Civ. P., after the defendants repeatedly failed to comply with multiple discovery requests and orders.

For over two years, the plaintiff, Corporate Pharmacy Services, Inc. ("CPS"), sought to depose Robert Broadway, the corporate representative for Mobile Investments and TBG. However, every time CPS was set to depose Broadway, he would cancel the deposition with only a few days' notice, allegedly due to scheduling conflicts.

Following Broadway's repeated failures to sit for a deposition, CPS filed motions asking the trial court to (1) compel Broadway to sit for his deposition, (2) impose monetary sanctions against Mobile Investments and TBG, and (3) enter a default judgment against them as a sanction under Rule 37(b)(2)(C). The trial court granted CPS's motion to compel but denied its motion for sanctions.

After Broadway again failed to sit for a deposition, CPS once again filed a motion asking the trial court to (1) impose monetary sanctions against Mobile Investments and TBG and (2) enter a default judgment against them as a sanction under Rule 37(b)(2)(C). Although the trial

2

court granted CPS's second request for monetary sanctions, it did not grant the request for the entry of a default judgment. It did, however, warn the defendants that if Broadway again failed to make himself available to be deposed, it would enter a default judgment against them should CPS renew its request for that sanction.

After Mobile Investments and TBG failed to make Broadway available for a deposition yet again, CPS renewed its motion asking the trial court to enter a default judgment against them as a sanction under Rule 37(b)(2)(C). Consistent with its earlier warning, the trial court granted that motion.

Mobile Investments and TBG thereafter moved the trial court for relief from the default judgment. After their motion was denied as a matter of law, they appealed. For the reasons stated below, we affirm the trial court's decision to enter a default judgment against Mobile Investments and TBG as a sanction under Rule 37(b)(2)(C).

<u>Facts and Procedural History</u>

In 1995, William King agreed to lease his property on Broad Street in Gadsden to CPS. Under the parties' lease agreement, King agreed to lease the property to CPS for a one-year term, with the option for CPS to

renew the lease "for five (5) successive years following the initial one (1) year term." The lease agreement also contained a provision that gave CPS the option to purchase the property from King "[s]hould … [King] decide to sell the premises …." Although the lease agreement specifically covered only six years, CPS remained in possession of the property until 2005, at which point, CPS contends, King executed a handwritten note that extended the term of the lease indefinitely.[1]

King died in 2018. In 2019, King's estate sold the property to Mobile Investments. Shortly thereafter, CPS discovered that King's estate had sold the property to Mobile Investments when Mobile Investments informed CPS that, according to Mobile Investments, CPS was leasing the property on a month-to-month basis.

In October 2020, CPS commenced the present action against Mobile Investments and TBG. In its complaint, CPS alleged that Mobile Investments and TBG had breached the terms of the original lease agreement between CPS and King and sought specific performance of the

---

[1]According to CPS, the handwritten note stated that CPS could lease the property for "as long as they like."

lease agreement's option-to-purchase provision.[2]

Mobile Investments and TBG moved to dismiss CPS's claims against them, but that motion was denied. Mobile Investments and TBG thereafter filed their answer to CPS's complaint, and the parties proceeded to engage in discovery.

In March 2021, CPS served Mobile Investments and TBG with interrogatories, requests for production, and requests for admissions. After Mobile Investments and TBG failed to respond to CPS's initial discovery requests, CPS filed a motion asking the trial court to compel them to do so. The trial court granted CPS's request and ordered Mobile Investments and TBG to respond to CPS's discovery requests.

After Mobile Investments and TBG failed to comply with that order, CPS filed a "Motion to Have Requests for Admission Deemed Admitted." The same day CPS submitted that motion, the trial court entered a second order directing Mobile Investments and TBG to respond to CPS's discovery requests.

Thereafter, Mobile Investments and TBG responded to CPS's

---

[2]CPS's complaint also asserted claims against King's estate. However, those claims were dismissed during the proceedings below and, thus, are not at issue in this appeal.

interrogatories, requests for admissions, and requests for production. Unsatisfied with their responses, CPS asked Mobile Investments and TBG to supplement its responses and to provide CPS with dates on which to depose their corporate representative, Broadway.

In May 2022, a second motion to compel was filed. In response to that motion, in September 2022, the trial court ordered Mobile Investments and TBG to provide full and complete responses to all outstanding discovery requests. In light of that order, the parties agreed to set Broadway's deposition for September 15, 2022. However, the day before the deposition was set to take place, Mobile Investments and TBG informed CPS that Broadway could not attend the deposition.

In October 2022, CPS filed its third motion to compel, in which it asked the trial court to order Mobile Investments and TBG to respond to its discovery requests and to compel Broadway to sit for a deposition. The trial court granted CPS's motion.

Over the next several months, however, Mobile Investments and TBG made no attempt to provide CPS with dates for Broadway's deposition. They also made no further attempt to respond to CPS's discovery requests.

6

In February 2023, CPS informed Mobile Investments and TBG that it had set Broadway's deposition for February 13, 2023. In response, Mobile Investments and TBG stated that they would make Broadway available for a deposition if it were instead scheduled for February 22, 2023. CPS agreed to change the date of the deposition to the date requested by Mobile Investments and TBG. However, two days before the deposition was set to take place, Mobile Investments and TBG informed CPS that Broadway was no longer available.

In March 2023, CPS filed its fourth motion to compel, which included another request to compel the deposition of Broadway, along with its first motion for monetary sanctions and for the entry of a default judgment against Mobile Investments and TBG as a sanction under Rule 37(b)(2)(C). The trial court granted CPS's fourth motion to compel, but it did not grant CPS's first motion for sanctions.

Mobile Investments and TBG then informed CPS that Broadway would be available to sit for his deposition on April 10, 2023. However, after Broadway failed to appear for his deposition that day, CPS filed its second motion for sanctions against Mobile Investments and TBG. In that motion, CPS asked the trial court to issue both monetary sanctions

and to enter a default judgment against Mobile Investments and TBG as a sanction under Rule 37(b)(2)(C) in light of their repeated failures to comply with the trial court's previous discovery orders.

Around that time, Mobile Investments and TBG's attorney withdrew from the case, and a new service address for Mobile Investments and TBG was provided to the trial court.[3] Mobile Investments and TBG did not file a response to CPS's second motion for sanctions, but their former attorney nevertheless appeared at the hearing on that motion to plead for leniency.

In June 2023, the trial court issued an order granting CPS's request for monetary sanctions against Mobile Investments and TBG and ordered the defendants to provide dates for Broadway's deposition within 30 days of the entry of its order. The trial court did not, however, enter a default judgment against the defendants at that time. Instead, the trial court's order warned Mobile Investments and TBG that "if Mr. Broadway fails to appear for the deposition as noticed, … the Court, upon request by [CPS], likely would enter judgment by default against [them]."

---

[3]The new service address for Mobile Investments and TBG appears to be the business address for TBG.

Despite the clear directives from the trial court, Mobile Investments and TBG did not pay the monetary sanctions or provide CPS with dates for Broadway's deposition. As result, CPS filed its third motion for sanctions in which it asked the trial court to, among other things, enter a default judgment against Mobile Investments and TBG as a sanction under Rule 37(b)(2)(C). The trial court granted CPS's motion and entered a default judgment against Mobile Investments and TBG.

Thereafter, Mobile Investments and TBG filed a motion asking the trial court to set aside the default judgment against them. According to Mobile Investments and TBG, their failure to comply with the trial court's multiple discovery orders was the result of their former attorney's (1) failing to tell them about those orders and (2) failing to explain to Broadway the consequences of not complying with the trial court's orders compelling his deposition. In support of their motion, Mobile Investments and TBG attached an affidavit from Broadway in which he admitted that he had known about each of his scheduled depositions but maintained that he had had to cancel each one due to a conflict. They also attached to their motion the documents CPS originally had requested during

9

discovery.

Mobile Investments and TBG's motion was denied by operation of law. They now appeal.

Standard of Review[4]

We review a trial court's decision to enter a default judgment under Rule 37(b)(2)(C), Ala. R. Civ. P., as a sanction against a party who has failed to comply with a discovery order by determining whether that court has abused its discretion. See, generally, Ex parte Coale, 757 So. 2d 393, 396 (Ala. 1999).

---

[4]Mobile Investments and TBG contend that the trial court should have set aside the default judgment entered against them in light of the factors set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600, 605 (Ala. 1988). However, the default judgment entered against them was not entered under Rule 55(b), Ala. R. Civ. P., for their failure to defend the action or to appear at trial -- scenarios that normally invoke the application of the Kirtland factors. See Hilyer v. Fortier, 227 So. 3d 13, 30 (Ala. 2017). Rather, the default judgment entered against them was entered as a discovery sanction under Rule 37(b)(2)(C), Ala. R. Civ. P. In cases such as this one, our appellate courts have stated that the Kirtland factors are inapplicable. See Pace v. Smith, 280 So. 3d 428, 435 (Ala. Civ. App. 2019) (noting that the default judgment entered in that case was not a typical Rule 55(b) default judgment entered for failing to defend an action or to appear at trial but was, instead, a default judgment entered as a discovery sanction under Rule 37(b)(2)(C) and, thus, that the Kirtland factors did not apply).

Discussion[5]

On appeal, Mobile Investments and TBG argue that the trial court abused its discretion by entering a default judgment against them because, they say, their former attorney (1) did not tell them about the trial court's four orders compelling them to respond to discovery, and (2) did not explain to Broadway the consequences of not complying with the trial court's orders compelling his deposition. As explained below, we find their arguments to be unpersuasive.

Rule 37(b)(2)(C), Ala. R. Civ. P., provides that, under the appropriate circumstances, a trial court may enter "[a]n order … rendering a judgment by default against the disobedient party." Our

---

[5]We note briefly that Mobile Investments and TBG first argue that the default judgment against them is due to be set aside because, they say, CPS lacked standing to commence this action and, thus, the trial court lacked subject-matter jurisdiction over CPS's action. However, this Court has repeatedly explained that "the concept [of standing] appears to have no necessary role to play in respect to private-law actions." Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31, 41 (Ala. 2013). Although Mobile Investments and TBG argue that, "[i]f ever a case existed where the doctrine of standing should be applied in a 'private law' case, this is the case" because, they say, CPS "had absolutely no statutory authority nor authority derived from any case law of this State to enforce a clearly expired lease containing the expired option to purchase," Mobile Investments and TBG's brief at 21, they fail to successfully explain why we should now depart from the holding in Ex parte BAC. We therefore see no reason to do so here.

Court has previously explained that any sanction rendered under Rule 37(b)(2)(C) must be "proportionate to and compensatory of the particular discovery abuse committed." Ex parte Seaman Timber Co., 850 So. 2d 246, 258 (Ala. 2002). Our Court has specifically held that entry of a default judgment against a party who fails to comply with a discovery order is an appropriate sanction under that rule. See Ex parte Blake, 624 So. 2d 528, 532 (Ala. 1993) (recognizing that "Rule 37(b)(2)(C), Ala. R. Civ. P., authorizes the trial court to enter a default judgment against a party who fails to comply with a discovery order").

Because the entry of a default judgment for failure to comply with a discovery order is the most severe sanction a court may apply, see Ultracashmere House, Ltd. v. Meyer, 407 So. 2d 125 (Ala. 1981), our Court has previously explained:

> "'Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction. Dismissal [and default-judgment] orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal [or the entry of a default judgment]. We have held that "willfulness" on the part of the noncomplying party is a key factor supporting a dismissal [or the entry of a default judgment]. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal [or the entry of a default judgment] is fully justified and should not be disturbed.'"

12

Ex parte Blake, 624 So. 2d at 532 (quoting Iverson v. Xpert Tune, Inc., 553 So. 2d 82, 87 (Ala. 1989)) (emphasis added).

In addressing what level of conduct rises to the level of "willfulness" in the context of discovery abuse, our Court has explained that "willfulness" might be found when "'a party intentionally or willfully fail[s] to attend a deposition'" or does "'not offer[] an explanation for his failure to comply [with discovery requests].'" Ex parte Seaman Timber, 850 So. 2d at 256 (citations omitted).

Here, the record indicates that Mobile Investments and TBG failed to respond to CPS's discovery requests on more than one occasion. The record also shows that Broadway, Mobile Investments and TBG's corporate representative, repeatedly failed to sit for a deposition despite being ordered by the trial court to make himself available for one. Although Mobile Investments and TBG explained each time that Broadway had to cancel his depositions due to "scheduling conflicts," we note that there was at least one occasion where CPS attempted to accommodate Broadway's schedule by setting his deposition for a time that was more convenient for him. Despite that change, Broadway still failed to appear. Considering the repeated efforts to set Broadway's

13

deposition, the extended period over which this conduct occurred, the trial court's repeated orders compelling the defendants to respond to discovery and the order for monetary sanctions, it is difficult for this Court to imagine a clearer example of the "willfulness" that we have held provides an appropriate basis for the entry of a default judgment as a sanction under Rule 37(b)(2)(C) than the conduct presented here.

Nonetheless, Mobile Investments and TBG argue that their failure to comply was justified because, they say, their former attorney (1) did not tell them about the trial court's four orders compelling them to respond to discovery, and (2) did not explain to Broadway the consequences of not complying with the trial court's order compelling his deposition.

First, it is well established that an attorney is the agent of his or her client, and the knowledge of the attorney is imputed to the client even if the client did not have actual knowledge of the facts and circumstances at issue. For instance, our Court has previously explained:

> "'"[a]n attorney is the duly authorized agent of his client and his acts are those of his client. The client is, therefore, bound by the acts of his attorney in the course of legal proceedings in the absence of fraud or collusion, and knowledge of the attorney is imputed to the client, notwithstanding

14

the client had no actual knowledge or notice of the facts and circumstances."'

"SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 939 So. 2d 885, 903 (Ala. Civ. App. 2005) (quoting Ex parte Aaron, 275 Ala. 377, 379, 155 So. 2d 334, 335 (1963) (Merrill, J., concurring specially)). '"It is elementary that omissions and commissions of an attorney at law are to be regarded as acts of the client whom he represents."' SouthTrust Bank, 939 So. 2d at 903 (quoting Lawrence v. Gayle, 294 Ala. 91, 94, 312 So. 2d 385, 387 (1975))."

Pace v. Smith, 280 So. 3d 428, 436 (Ala. Civ. App. 2019).

As the legal principles quoted above make clear, any knowledge Mobile Investment and TBG's former attorney may have had about the trial court's orders is "'"imputed to [them],"'" regardless of whether they had "'"actual knowledge or notice of the facts and circumstances"'" at issue. Id. Mobile Investments and TBG "cannot hide behind the alleged omissions of [their] former counsel." Id. We therefore see no reason to hold that their willful disregard of the trial court's discovery orders could be justified on this basis.

Additionally, the fact that Mobile Investments and TBG's former attorney allegedly did not explain to Broadway the consequences of not complying with the trial court's orders compelling his deposition is likewise unavailing. In his affidavit, Broadway admitted that he knew of

each deposition date and that he elected not to attend the depositions because of scheduling conflicts, despite previously agreeing to the dates before the dispositions were set. The record also shows that the trial court's order awarding CPS monetary sanctions for Mobile Investments and TBG's failure to make Broadway available for a deposition was sent to Mobile Investments and TBG at TBG's place of business, not to their former attorney. Furthermore, that order expressly warned Mobile Investments and TBG that "if Mr. Broadway fails to appear for the deposition as noticed, … the Court, upon request by [CPS], likely would enter judgment by default against [them]." In light of the foregoing, we cannot see how Broadway did not know of the consequences of not complying with the trial court's orders directing Mobile Investments and TBG to make him available for a deposition even if Mobile Investments and TBG's former attorney did not expressly explain those consequences to him or how such a failure to inform could matter under these facts.

<u>Conclusion</u>

Our discovery system is designed to operate through the good faith and professionalism of the attorneys and parties involved in an action without the need for intervention from our trial judges who are often very

busy. Although attorneys for each side may properly argue about the details and scope of discovery (for instance, about privilege issues or dates for depositions or production of documents), ultimate compliance with proper discovery requests is not optional. When compliance does not occur, our Rules of Civil Procedure vest the trial court with the authority to issue orders to compel compliance and, if necessary, to sanction parties for noncompliance.

In particular, the trial judge's efforts in this case are a model to follow; he was exceptionally patient and methodically escalated his efforts to compel responses to the discovery promulgated by CPS. Because Mobile Investments and TBG failed to demonstrate how the trial court abused its discretion when it entered a default judgment against them as a sanction under Rule 37(b)(2)(C), Ala. R. Civ. P., for their repeated failure to comply with its discovery orders, we affirm that decision.

AFFIRMED.

Parker, C.J., and Wise, Sellers, and Stewart, JJ., concur.

17