200 So.2d 518

**Johnny B. GIBBS**

v.

**STATE.**

**2 Div. 138.**

Court of Appeals of Alabama.

May 9, 1967.

Rehearing Denied June 20, 1967.

Lester F. Williamson, Meridian, Miss., for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Marengo County, Alabama, for the offense of manslaughter in the first degree. After a plea of not guilty, appellant was convicted and sentenced to a term of ten years imprisonment for this offense. This is an appeal from said verdict and judgment.

The tendency of the evidence shows that appellant was involved in an accident on October 7, 1965, which occurred when a car pulling a mobile home two vehicles ahead of appellant had a flat tire and stopped at the right side of the highway. A large van immediately behind the mobile home and just ahead of appellant's pulpwood truck came to an abrupt halt. Appellant testified that the brakes failed to hold and that he swung his truck to the left and around the van. There was a bridge abutment to the right. Appellant's truck struck a car "headon" traveling in the opposite direction. Six of the seven occupants of the car died. Another pulpwood truck behind appellant then struck appellant from behind, driving his truck and the car down "a fill".

Witnesses for the State testified that the car of the deceaseds was traveling at about 55 miles per hour; that deceaseds were headed home from their jobs at Marengo Mills; and that appellant's truck was traveling at about 60 miles per hour. Witnesses also stated that the car of the deceaseds "bounced" and swerved to the left while braking to try to avoid appellant's truck. Skid marks were noted from the car but none were noted from the truck.

The owner of the truck which appellant was driving testified that the brakes had been relined a week before the accident.

Counsel for appellant at the trial were a Mississippi attorney and an Alabama attorney associated with him. The Mississippi attorney was present at appellant's arraignment and assisted in his posting bond. Upon being informed that he was to be accepted as attorney of record for the trial of this case, he attempted to withdraw but was not permitted to do so by the court.

On February 5, 1965, appellant's counsel, Mr. Williamson of Mississippi, filed the following motions: (A) Motion for continuance on grounds he was a Mississippi attorney not schooled in Alabama legal procedure; (B) Demurrer; (C) Motion to quash the indictment on grounds that statement of appellant was taken without his counsel, Grand Jury not constitutionally impanelled, and because of systematic exclusion of Negroes from the Grand Jury; (D) Motion to have drawn in open court a special venire of jurors to try said case; (E) Renewal of motion to quash, citing a February 7, 1966, decision by a three judge Federal panel which ruled Alabama jurors were selected unconstitutionally as there were no women jurors (filed February 10, 1966); and (F) Motion to require the jury commission of Marengo County to draw a new jury

list prior to trial of defendant, citing again the Federal decision of February 7, 1966, concerning racial prejudice on juries in Alabama (filed February 10, 1966).

A hearing on the motions was held at which time counsel for appellant attempted to prove the substance of his motions by examination of the court clerk, the court house and all records being destroyed by fire in the last half of the year.

The State then filed a motion to strike appellant's motion to quash the indictment and motion for selection of special venire in open court as being untimely filed. Said motion was granted by the court.

In the opinion of this court the striking of appellant's motions as untimely because it was filed after a plea to the merits of not guilty, was error.

The Supreme Court of Alabama stated the law as applicable to these motions in the case of Coleman v. State, 276 Ala. 513, 164 So.2d 704. This case was remanded after reversal by the Supreme Court of the United States (377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190):

"Refusal to permit proof of systematic exclusion of Negroes from jury roll in county on hearing of motion for new trial *filed after conviction of* Negro for murdering white man was reversible error." (Emphasis ours.)

In Thomas v. State, 277 Ala. 570, 173 So.2d 111, the court, speaking through Justice Lawson, stated:

"In view of the holdings of the federal courts, we feel that it is useless to follow our cases which hold in effect that a negro defendant waives his right to raise the exclusion question unless he does so prior to arraignment and plea to the merits. See Cobb v. Balkcom, 5 Cir., 339 F.2d 95, 97.

"If the federal courts have found no waiver where the jury exclusion question was not even attempted to be raised on the trial, we feel certain that those courts would come to the same conclusion where there was an effort to raise the question before trial but after arraignment and plea.

"It might be said that this court is not bound to follow federal courts on federal questions except the Supreme Court of the United States, but to ignore the consistent holdings of those courts on this question, which holdings have not been disturbed by the Supreme Court of the United States although efforts have been made to have it overturn those holdings, can only lead to further delay in bringing about the punishment of those guilty of violating the laws of this state.

"We hold that the trial court erred in striking Thomas' motion to quash the indictment.

\*      \*      \*      \*      \*      \*

"We do not want to be understood as holding in this opinion anything more than that a negro defendant who, before trial, files a motion to quash an indictment or a petit jury on the ground that members of his race were systematically excluded therefrom does not waive his right to have that motion heard and acted on simply because the motion is filed after arraignment and plea to the merits.

"The judgment of the trial court is reversed and the cause is remanded."

See also State of Louisiana v. Newton, 5 Cir., 343 F.2d 161; Whitus v. Balkcom, 5 Cir., 333 F.2d 496; and State v. Inman, 260 N.C. 311, 132 S.E.2d 613.

If there must be a reversal for failure to consider motion after conviction, then it is likewise error to strike these motions after arraignment, but before the actual trial.

Being fully mindful of the doctrine known to the law as stare decisis, this court has no choice but to reverse and remand this cause and pretermits consideration of other aspects thereof.

Reversed and remanded.