242 So.2d 409

**Marvin MALONE, alias**

**v.**

**STATE.**

**3 Div. 4.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

Rehearing Denied Sept. 15, 1970.

James D. Straiton, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal from a judgment of conviction of robbery. Punishment was fixed at fifteen years in the penitentiary.

Appellant timely filed a motion to quash the jury venire alleging, among other things, that the Board of Jury Supervisors (Jury Commissioners) have systematically excluded from the jury roll and jury box a particular class of individuals described as "working trade"; such as, farmers, miners, carpenters, and the unemployed. Further, that this action has led to a jury venire composed of "blue ribbon jurors" which do not represent a cross-section of the population of Montgomery County. This motion was denied by Judge Richard P. Emmet without a hearing and without affording appellant an opportunity to call witnesses in support of his allegations.

The court's failure to hear appellant on his motion to quash was error. Gibbs v. State, 44 Ala.App. 15, 200 So.2d 518; Thomas v. State, 277 Ala. 570, 173 So.2d 111.

Appellant also filed the following motion to recuse, which was denied by Judge Emmet:

"Comes now the Defendant in the above-styled cause and moves each of the Circuit Judges of the Fifteenth Judicial to recuse himself at the hearing on the Motion to Quash the Venire heretofore filed in the above-styled cause, and, as grounds for such motion, the Defendant avers, separately and severally, the following:

"1. That the Honorable Richard P. Emmet is presently a member of the

Jury Commission of Montgomery County, Alabama.

"2. That the Honorable William F. Thetford is presently a member of the Jury Commission of Montgomery County, Alabama.

"3. That the Honorable Eugene Carter was for many years a member of the Jury Commission of Montgomery County, Alabama, and only recently (within the last six months) resigned as a member of said Jury Commission.

"4. That the Defendant intends to subpoena each of the three above-named Circuit Judges to appear and to testify on the hearing of the Motion to Quash the Venire heretofore filed in the above-styled cause."

In Reeves v. State, 260 Ala. 66, 68 So.2d 14, it was held that a trial judge should not preside in a case in which he is a material and necessary witness. Furthermore, the motion to quash the jury venire challenges the action of the members of the Board of Jury Supervisors of which the trial judge is a member.

Appellant also contends that Act No. 118, Local Acts of Alabama, 1939, p. 66, as amended by Act No. 536, Acts of Alabama, 1967, p. 1281, which created the Board of Jury Supervisors in Montgomery County, is unconstitutional because it violates § 105 of the Constitution of Alabama.

Our Supreme Court in Reeves v. State, supra, held that the act providing that Montgomery County Circuit Judges may be members of the jury commission does not violate § 105 of the Constitution. Neither does it violate § 150 of the Constitution. Eagen v. State, 280 Ala. 438, 194 So.2d 842.

Reversed and remanded.