245 So.2d 824

Caliph WASHINGTON

v.

STATE.

6 Div. 154.

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

Rehearing Denied Feb. 2, 1971.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

U. W. Clemon, Birmingham, for appellant.

CATES, Judge.

Murder, second degree: sentence, forty years.

For prior proceedings see: Washington v. State, 269 Ala. 146, 112 So.2d 179; 274 Ala. 386, 148 So.2d 206; Washington v. Holman, 5 Cir., 364 F.2d 618, modifying 245 F.Supp. 116. The indictment was filed September 12, 1957.

I

On March 20, 1970, ·defendant filed a "Motion to Quash Indictment and Refill

the Jury Box." The defendant, a Negro, alleged therein systematic exclusion of Negroes from the jury roll in the Bessemer Division of Jefferson County.

One allegation based on the 1960 Census was that in the Bessemer Cut-Off there were 14,619 black males 21 years and upwards and 10,145 white males 21 years and upwards; that at the time of indictment the jury roll contained less than 5 percent of the eligible black males in the cut-off. Ground 6 averred that in "modern times" no members, or only a mere token number of blacks, had served on a grand jury in Bessemer.

■ The State countered this pleading with a Motion to Dismiss. The main grounds to support this counter motion:

1. Prior adjudication, i. e. Washington v. State, 269 Ala. 146, 112 So.2d 179 (hns. 4–9);

2. The decision of the United States District Court for the Northern District of Alabama in Smith v. Goodwyn; and

3. The decision in Billingsley v. Clayton, 5 Cir., 359 F.2d 13.

On March 27, 1970, the Court below granted the State's Motion to Dismiss and denied the appellant's Motion to Quash.

We consider, first, that our Supreme Court in Washington v. State, 269 Ala. 146, 112 So.2d 179, did not pass on the merits of the averment of instant concern. Rather, the adjudication was that the defense failed to make "a prima facie showing of discrimination in the filling of the August, 1957, jury box."

■ Smith v. Goodwyn was affirmed by the Fifth Circuit. However, the basis for affirmance was judicial restraint from interference with state court procedures. See Salary v. Wilson, 5 Cir., 415 F.2d 467(8).

■ From a careful reading of Salary v. Wilson, supra, and sequel D.C., 313 F. Supp. 1037, which we understand is again before the Fifth Circuit as No. 30134, we consider that all of the Federal cases, including Billingsley v. Clayton, supra,[1] condemn *as of August 1957* the disproportion between blacks and whites on the Bessemer Cut-Off jury roll.

In Thomas v. State, 277 Ala. 570, 173 So.2d 111, we find:

"It seems to be settled that a motion to quash is the proper way to challenge an indictment and a trial venire on the ground of intentional racial discrimination. * * *

"Sections 276 and 285, Title 15 and § 46, Title 30, Code 1940, have been held to be procedural statutes, designed to prevent

1. Billingsley v. Clayton, 359 F.2d 13:

"Few Negroes appear to have been called for jury duty in the Bessemer Division. The evidence reveals that exactly the same standards were applied by the Jury Board in the selection of prospective jurors in the Bessemer Division as were applied in the Birmingham Division, although in his final order, the District Judge found that 'Negroes seldom sit on the trial of cases * * * in the Bessemer Cut-Off.' The Record as a whole amply supports the inference that few Negroes if any have actually served on petit juries, although Negroes have comprised as much as ten percent of those on the panels from which the petit juries have been selected.

"When a grand jury is needed in Bessemer, the clerk takes the Bessemer Division jury box to the courtroom. There the judge unlocks the box and draws therefrom at random 35 to 40 names. The clerk then arranges the cards so drawn in alphabetical order and prepares a typed venire list, which he delivers to the sheriff. When court convenes, the names of the jurors who appear are placed in a hat, shuffled, and 18 names are drawn for grand jury duty. The remainder of the veniremen are excused. The District Judge also found that 'Negroes seldom * * * serve on grand juries in the Bessemer Cut-Off.' Testimony indicated that one Negro sat on a Bessemer grand jury in 1957, but that none has served since that date."

quashing of indictments or venires for mere irregularities and to obviate the resulting delays in the administration of justice. Those statutes do not deny to one charged with a crime the right to present for a determination the question of whether the rights guaranteed by the Fourteenth Amendment to the Constitution of the United States have been violated. * * *."

From *Thomas*, supra; Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L. Ed.2d 190; Gibbs v. State, 44 Ala.App. 15, 200 So.2d 518; and Stallworth v. State, 45 Ala.App. 254, 229 So.2d 26, it is obvious that the question of systematic exclusion remains viable until Code 1940, T. 13, § 119 closes the door.

### II

■ Unlike the conclusion reached in Gibbs v. State, 46 Ala.App. 31, 237 So.2d 515, we do not consider that present record would justify our rendering judgment. Rather, we consider that the continued pendency of Salary v. Wilson, supra, requires that the appellant be given an opportunity to prove his allegations of systematic exclusion as to the 1957 grand jury.

In the first appeal, Washington v. State, 269 Ala. 146, 112 So.2d 179, Lawson, J., observed:

"We think it advisable to observe that since the burden is upon the defendant to prove his allegations concerning discrimination, he must be given an opportunity to produce relevant, legal evidence, if he can, which tends to prove racial discrimination. Millhouse v. State, 232 Ala. 567, 168 So. 665; State v. Perry, 248 N.C. 334, 103 S.E.2d 404."

### III

■ In Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253, the Supreme Court of the United States held that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694, would not be made applicable to retrials of cases originally tried before June 13, 1966.

Should the instant indictment on remand be quashed and the defendant bound over again under Code 1940, T. 15, § 258, the use of the admittedly non-Miranda confession on a trial of a new indictment would still seem to be warranted as on a "retrial" within C. J. Warren's spellout words "for the same conduct." See 395 U.S. 213, f.n. 1, 89 S.Ct. 1677. To that extent Smith v. State, 282 Ala. 268, 210 So.2d 826, is not controlling since its ratio decidendi might be described as sub terrorem the Fifth Circuit.

Accordingly, the judgment below is reversed and the cause is remanded to the court below for proceedings consistent herewith.

Reversed and remanded.