246 So.2d 439

**James SIMS**

v.

**STATE of Alabama.**

**6 Div. 722.**

Supreme Court of Alabama.

Feb. 11, 1971.

Rehearing Denied April 8, 1971.

---◇---

Richard A. Thompson, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

LAWSON, Justice.

James Sims was convicted in the Circuit Court of Tuscaloosa County of first degree murder. The jury's verdict was punishment by death. Judgment and sentence were in accord with the verdict.

Our review is controlled by the automatic appeal law applicable to cases where the death sentence is imposed.—Act 249, approved June 24, 1943, General Acts 1943, p. 217, carried in the 1955 Cum. Pocket to Volume Four, 1940 Official Code, and in the 1958 Recompiled Code (unofficial) as Title 15, §§ 382(1) et seq.

Appellant, a member of the Negro race, timely filed a motion to quash the indictment, alleging in part as follows:

"2. That the Grand Jury of Tuscaloosa County which returned the indictment in this criminal cause was illegally formed and illegally constituted and void in that there was systematic exclusion, except to a token degree, of qualified members of the Negro Race from the formation of the Grand Jury which indicted your Defendant."

This motion was overruled by the trial court without a hearing and without affording appellant an opportunity to call witnesses in support of his allegations on the ground that the trial court took judicial knowledge "that there has not been at the time of the selection of the Grand Jury which indicted this defendant on (sic) the selection (sic) venire which is to be on the case on its merits during this term of court any exclusion of any jury (sic) on account of his race."

The court's failure to hear appellant on his motion to quash the indictment was error. Malone v. State (Alabama Court of Criminal Appeals), 46 Ala.App. 363, 242 So.2d 409, cert. denied (Supreme Court of Alabama), 286 Ala. 736, 242 So.2d 410.

. We have no choice but to reverse and remand this cause and consequently we pretermit consideration of other questions upon

**714**

which appellant relies for reversal. See Gibbs v. State, 44 Ala.App. 15, 200 So.2d 518.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.