286 So.2d 314

**Eddie NIXON, alias**

**v.**

**STATE.**

**8 Div. 145.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Rehearing Denied March 13, 1973.

Thomas & Worley, Huntsville, for appellant.

**440**

William J. Baxley, Atty. Gen. and Don C. Dickert, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was indicted on October 2, 1970, for possessing, transporting, delivering, selling, etc., seven tablets containing Lysergic Acid Diethylamide (LSD–25) against the peace and dignity of the State of Alabama. He was convicted by a jury. The trial court, after due and proper allocution, sentenced him to imprisonment in the penitentiary for a period of twelve years. Proper judgment was entered. Defendant here appeals therefrom.

Defendant't trial before a jury was begun in Madison County on October 22, 1970. On that date, before trial began, defendant filed a motion containing twenty grounds which in different phraseology attacked the validity or legality of the jury venire drawn and then appearing from which a jury was to be selected by the parties for the trial of appellant-defendant. The motion did not seek specific relief. The trial court treated the motion as one seeking to quash the venire. We are in accord with this interpretation and designation. The designation appears in the court's judgment overruling the motion without a hearing thereon.

We shall not undertake to delineate the twenty grounds of the motion which seek to challenge the validity of the venire. However, ground 18 alleges the venire does not reasonably represent a cross-section of citizens of Madison County.

On September 3, 1970, the Supreme Court of Alabama rendered a decision that the system employed by the jury commission of Madison County in selecting jurors to be enrolled then in effect and followed did not meet the mandates of law. Tit. 30, §§ 18, 20 and 24, Code of Alabama, 1940, recompiled 1958; State ex rel. Gregg v. Maples et al., 286 Ala. 274, 239 So.2d 198. The decision reversed and remanded the cause with directions to the trial court to enter a peremptory writ of mandamus requiring the jury commission to enroll jurors in accordance with the opinion.

Whether the jury commission thereafter and before October 22, 1970, the date the motion was filed and the defendant put to trial, revised the jury roll in accordance with the Supreme Court decision, supra, is not shown by the record before us.

The defendant had a lawful right to be heard on his motion to quash and to submit evidence if available in support of the several grounds of the motion that challenge the validity and composition of the venire. The trial court committed reversible error in overruling the motion to quash without giving the movant an opportunity to be heard and submit evidence.

For this error the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.