303 So.2d 148

**Jeffery Leon LIPSCROMB**

v.

**STATE**

**3 Div. 285.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

TYSON, Judge.

The indictment, charged the appellant with the robbery of Ray Goodgame. The Jury's verdict found the appellant guilty as charged and fixed punishment at forty-five years imprisonment. The trial court then entered judgment in accordance with the verdict of the Jury.

The appellant was represented by court-appointed counsel, and is in this court with a free transcript, and also represented here by court-appointed counsel.

R. C. (Ray) Goodgame testified that he was the night clerk at the Continentel Motel in Montgomery, Alabama, and was on duty at about 3:30 on the morning of April 29, 1972, when the appellant first entered the lobby and inquired about a room. He testified that the appellant came in a second time about thirty or forty minutes later, accompanied by the party identified as one Leroy Wright, and that the two men pointed a blue thirty-two caliber revolver at him and told him to "just keep your seat." He testified that he was handcuffed to a heavy stool, and that the two men then took all the proceeds from the cash register, then took his billfold from his left rear pocket, taking a total of approximately $350.00. Mr. Goodgame testified that his billfold contained his Social Security card and five or six credit cards, that he asked the two men to give him back his identification and his wallet, which the two men declined to do. He testified that his wallet contained $62.00 of his own money. He stated that the Continentel Motel is located on the continuation of Fairview Avenue, known as the Mobile Road, in Mont-

Michael A. Sundock, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and John M. Gruenewald, Asst. Atty. Gen., for the State.

gomery County. He testified that he was still handcuffed to the stool when police arrived. He testified that he was shown some photographs of several black males, and was able to positively identify both the appellant and his companion, Leroy Wright.

Ronnie Lacy Stanford testified that he was a police officer with the City of Birmingham on April 29, 1972. Officer Stanford testified that he saw one Leroy Wright about 3:30 p. m. at Stereo Unlimited, located at 1101 Third Avenue, West, in the City of Birmingham. He stated that Wright came out of the Stereo equipment office, and he heard a man call out, "That's the one there," at which point he stopped Wright, and as he did so, Wright dropped a billfold to the ground. The billfold and credit cards therein were identified as belonging to R. C. Goodgame. The appellant made a motion to exclude the State's evidence, which was denied.

Mary Williams, as witness for the appellant, testified that she was the girlfriend of the appellant and had been involved in an automobile accident on March 13, 1972, as a result had been hospitalized and had to have open heart surgery. She stated that she was living at home with her mother, Carrie Williams, during April, May, and June, 1972. She testified that the appellant came to her mother's home every evening and stayed there because she was slightly paralyzed on the left side and required medication every three hours. She testified that the appellant was there on the night of April 29, and also April 30, because she had a daughter who was having a birthday, and the appellant helped plan the birthday with her mother.

Helen Crenshaw, the sister of Mary Williams, and Carrie, the mother of Mary Williams, corroborated Mary Williams' testimony.

The appellant also presented the testimony of his mother, Mary Lipscromb, who testified that the appellant was attending school in Birmingham at Lawson State during April and May, 1972, and in the evenings, when he finished school, he went over to the home of Mary Williams and was there on April 29, 1972, at a birthday party for Mary Williams' little girl. She also testified that she did not know Leroy Wright, or Ben Clay, and that she had never known of her son being with either of them.

As rebuttal witnesses, the State presented the testimony of Leroy Wright, who testified that he had gone to the Continentel Motel with the appellant on the early morning of April 29, 1972. He testified that he had been previously convicted of the robbery of Mr. Goodgame, and had dropped the billfold upon being arrested in Birmingham by Jefferson County officers. He testified that the appellant came to his apartment in the early morning of April 29, 1972, accompanied by one Arthur Middleton.

Leroy Wright testified that Middleton was his roommate and had a thirty-two caliber pistol, that they left around 3:00 in the morning of April 29, 1974, and next returned about 6:15 that morning. According to Wright, when the two men returned, Arthur Middleton came in and laid down on the sofa and stated that "they took a little lick down in Montgomery." He said that a "lick" meant a robbery in slang terms, and that they had left a billfold with credit cards with him. Wright testified that he had been tried and convicted, had received a thirty-five year sentence for the robbery of Mr. Goodgame at the Continentel Motel, but denied going to the motel with the other two men. He stated that one Ben Clay had been at his apartment also, along with the appellant and Arthur Middleton.

The appellant's motion to exclude and motion to dismiss the charges were denied by the trial court.

## I

Just before trial, on June 11, 1973, the appellant made the following motion:

"MR. LASSITER: Yes, sir. We have a motion to make at this time.

"THE COURT: All right. Let me hear it.

"MR. LASSITER: Your Honor, we would move that the jury venire in this case, and, of course, all others that sit here today has been declared invalid by the Federal Court here in Montgomery, and we move to quash the entire venire and have this case set at some later time because there is no way this man can receive a fair trial under this ruling and any trial that is had is subject to reversal on appeal. We feel it is taking the State's time and the time of the defendant and the witnesses present. They are going to have to retry this case based on the Judge's Order. We would move that the venire be quashed and the venire be dismissed as to this defendant, and we would say that any trial that he would have here could not be a fair trial based on the composure of the jury being not a cross section of the community as determined by Judge Johnson in his most recent Order of last week."

Following the State's reply, the trial court then entered the following order:

"THE COURT: The motion to strike is hereby granted. The motion of the defendant is hereby denied. The case goes on the trial docket.
"MR. LASSITER: With the exceptions noted in the record, please, the defendant announces ready."

■ While a defendant in a criminal trial may now make a motion to quash an indictment, or petit jury challenge as to its racial composition after arraignment, and before trial, Thomas v. State, 277 Ala. 570, 173 So.2d 111, the burden of sustaining such challenge by proper proof is on the appellant. Millhouse v. State, 232 Ala. 567, 168 So. 665; Vernon v. State, 245 Ala. 633, 18 So.2d 388; Washington v. State, 269 Ala. 146, 112 So.2d 179.

An examination of the appellant's motion shows that not only was such made orally, without accompanying affidavits, but, also, the appellant made no offer of proof. This, in itself, has been deemed fatal to such challenge in Peel v. State, 144 Ala. 125, 39 So. 251; Morris v. State, Ala., 39 So. 608.

■ We will assume from the colloquy above quoted, and the date of the trial of this cause (June 11, 1973) that appellant's counsel intended to refer to Penn v. Eubanks, D.C., 360 F.Supp. 699. Here, there was no copy of the order of the United States District Court in *Penn*, supra, presented to the trial court, or here presented on appeal. We therefore determine that such oral motion unaccompanied by proof was insufficient to shift the burden of proof to the State. Jones v. State, 50 Ala.App. 174, 277 So.2d 920; Acoff v. State, 50 Ala.App. 206, 278 So.2d 210; White and Watson v. State, 48 Ala.App. 111, 262 So.2d 313.

■ Moreover, this Court most recently, in Carter v. State, 53 Ala.App. 43, 297 So. 2d 175, where this same issue was presented by sworn motion to quash, to which was attached a copy of the order of the United States District Court in Penn v. Eubanks, 360 F.Supp. 699, through Judge Harris, stated the following:

"In the *Penn* case the United States District Court held that the jury roll and the jury box of Montgomery County did not meet the constitutional tests in the selection of juries in this County. Specifically the court found that the jury selection system of Montgomery County was discriminatory on the basis of race and sex and granted mandatory relief on the 6th day of June, 1973, five days before appellant was put to trial in the Circuit Court of Montgomery County.

Penn et al. v. Eubanks et al., D.C., 360 F.Supp. 699.

"In granting the relief sought in *Penn,* supra, the Court said:

" 'The relief that must be afforded in this case will involve both a prohibitory and a mandatory injunction. This means that there must be a cessation of the use of the Montgomery County jury roll and a complete emptying of the jury box as it now exists within not more than four (4) months from this date. The defendants will be allowed until that time to compile a jury roll and refill the jury box for Montgomery County in strict accordance with the law of Alabama and the constitutional principles herein set forth. * * *'

"A copy of the Writ of Injunction was presented to the Circuit Court of Montgomery County at the time appellant's case was called for trial. In the light of *Penn,* supra, appellant insisted on his motion to quash, the indictment and his motion to quash the venire. Appellant also moved for a continuance. The trial court denied *all* motions, and put appellant to trial.

"We do not construe the order and opinion of the United Sates District Court to mean that all *jury trials* in Montgomery County must come to an end pending the four (4) months time allotted the jury commission to compile a new jury roll and to refill the jury box for Montgomery County. Had the District Court so intended it would have broadened the mandatory injunction and plainly said that all jury trials in Montgomery County are at an end pending the compiling of a new jury roll and refilling the jury box. We must, therefore, treat this case as if the mandatory writ of injunction had not been issued.

"Neither the jury roll nor the venire need be a perfect mirror of the community nor accurately reflect the proportionate strength of every identifiable group. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Carter v. Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549; Mitchell v. State, 50 Ala.App. 121, 277 So.2d 395."

The trial court did not err in overruling appellant's motion to quash in this cause. Cases herein cited.

II

■ The sufficiency of the evidence is here presented because of appellant's motion to exclude the State's evidence. The appellant contends that the verdict of the jury was contrary to the evidence in this case.

In Zimmerman v. State, 49 Ala.App. 442, 272 So.2d 914, this Court stated:

"This issue was raised in Chamberlain v. State, 48 Ala.App. 254, 263 So.2d 709, wherein this Court stated:

" 'The appellant raises three contentions concerning his trial. Where, as here, the appellant contends that he took no part whatever in the robbery and insists that he was not at the scene of the crime at the time of its commission, and offered testimony to support his alibi, such conflict in the evidence presents a jury question. McColston v. State, 20 Ala. App. 591, 104 So. 347.

" 'We are of the opinion that the evidence here is sufficient to sustain a conviction of robbery as against a defense of alibi. McColston v. State, supra, Dorch v. State, 40 Ala.App. 475, 115 So. 2d 287.' "

■ We have carefully examined the entire record, as required by Title 15, Section 389, Code of Alabama 1940. We find no error therein, therefore, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.