BOOKOUT, Judge.
Assault and battery; sentence: six months.
The appellant s sole contention on appeal is that the trial court erred in denying his motions to quash the venire and the indictment. The basis of the motions was the alleged systematic exclusion of blacks from petit and grand jury service in Marengo County.
Racial discrimination in the jury selection process is a very difficult proposition to prove. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Johnson v. State, (1976), 57 Ala.App. -, 335 So.2d 663. The jury selection process is presumed valid and free from error, in the absence of proof to the contrary. Nixon v. State, 51 Ala.App. 439, 286 So.2d 314, reversed 291 Ala. 657, 286 So.2d 315, on remand 51 Ala.App. 705, 286 So.2d 317 (1973). Mere allegations contained in motions to quash the venire and indictment do not constitute proof. See: Lipscromb v. State, 53 Ala.App. 647, 303 So.2d 148 (1974) and cases therein cited.
In the present case, the trial court denied the appellant’s motions on the ground that the motions were untimely. The trial court then gave the appellant an opportunity to present evidence applicable to his motions. The appellant’s counsel replied that he did not have any testimony to present.
If the appellant could have proved racial discrimination in the jury selection process, he should have done so at trial. Nixon, supra. We find no error on the part of the trial judge in overruling the motions where no evidence is presented thereon.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ„ concur.