Murder, first degree: life imprisonment. Trial took place March 17, 1975.
The only points raised by appellant are systematic exclusion of citizens over 65 from the jury roll and fraud in the manner of making up that roll. Under Peters v. Kiff, 407 U.S. 493,92 S.Ct. 2163, 33 L.Ed.2d 83, appellant has standing.
The questions were raised below by way of a motion for new trial. The prosecution argues that the question can only be presented by a pre-arraignment proceeding such as motion to quash. However, Coleman v. Alabama, 377 U.S. 129,84 S.Ct. 1152, 12 L.Ed.2d 190, on the question of procedure, held that the Alabama trial court should have taken evidence on the motion for new trial because the Alabama Supreme Court (276 Ala. 513, 164 So.2d 704) considered and decided the claim under the new trial motion on the merits. Certainly this is the established Alabama procedure in the face of a constitutional claim of systematic exclusion. Gibbs v. State, 44 Ala. App. 15,200 So.2d 518; Stallworth v. State, 45 Ala. App. 254,229 So.2d 26; Washington v. State, 46 Ala. App. 539, 245 So.2d 824.
Thomas v. State, 277 Ala. 570, 173 So.2d 111, and Lipscrombv. State, 53 Ala. App. 647, 303 So.2d 148, state pre-arraignment motions to quash for systematic exclusion, are no longer indispensable. Kelsoe v. State, 54 Ala. App. 179, 306 So.2d 47
and Smiley v. State, 53 Ala. App. 268, 299 So.2d 312, must be viewed as resting on the prospectivity of Penn v. Eubanks, D.C., 360 F. Supp. 699.
 I
Fraud in the make-up of the jury roll January 31, 1975, was made to appear from the evidence adduced on the motion for new trial. The species of fraud consisted of random selection of names from the voters registration lists without any further screening other than as to address and occupation. See State exrel. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198, as to "fraud in law" where the sole source without investigation was a voters list. This is a qualitative deficiency. Buckelew v.State, 48 Ala. App. 411, 265 So.2d 195.
However, in cases other than those deriving from the Fourteenth Amendment, the approved procedure requires a pre-arraignment motion to quash the venire. See Lipscromb, supra.
Hence, as to the breach of the state law there was no adjectival protection of the record.
 II
As to the exclusion of citizens over 65 years another picture is here presented. The 1970 Census for Tuscaloosa County shows 10,679 persons 65 years and over. This compares with 7,000 19 and 20 year-olds.
Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887,41 L.Ed.2d 590, does not apply here because in the instant case the jury wheel was well-nigh empty. See Code 1940, T. 30, §§ 22 and 23.
Alabama law, Code 1940, T. 30, § 21, as amended, does not exclude persons over 65 from being put on the jury roll. Rather it *Page 1327 
leaves serving after summons to the individual.[1]
At all events persons over 65 are an identifiable group who should not have been systematically excluded from the jury roll. We say systematically advisedly because the prosecution made no attempt to contradict the defendant's witness, Kathy Bolling, clerk to the jury commission January-April 1975, who testified that in using names taken at random from the voter's list (by computer) she had been instructed to omit those over 65.
We quote from an affidavit made by Bob Kyle, a jury commissioner:
 "In the latter part of January 1975 we learned that the Court had set out to draw new venires of jurors for up-coming Jury Weeks and had determined that there were not enough cards left in the Jury Box to constitute one whole venire for one week. We checked up and found that to be true. It is doubtful that there were as many as a hundred or so cards left in the Jury Box for selection.
 "On January 31, 1975, we received an order from Judge Fred W. Nicol to refill the Jury Box and re-form the Jury Roll with such cards as were at that time available. We had discussed the matter with him and told him about the old cards not being ready for use at the time that and that the only cards that we had had come from the computer selection of them from the voting list on the computer. He felt that the situation was an emergency and that jurors were immediately necessary in order that our court system could function. We had Mr. Culp come to the Judges office with the available cards and with a printout of them that we felt could be used as a Jury Roll. Judge Nicol agreed and we put in the Jury Box the several thousand jury cards which were the product of our random selections from the voters list.
 Thus, on January 31, 1975, the Jury Roll was re-formed and the Jury Box was refilled." [Italics added.]
The defendant was entitled to a cross section of the community without purposeful exclusion, Taylor v. Louisiana,419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690. Since trial was after January 21, 1975, Taylor controls. See Daniel v.Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790.
The judgment below is reversed and the cause is remanded for new trial.
REVERSED AND REMANDED.
All the Judges concur, except DeCARLO, J., who dissents.
[1] "No person over the age of sixty-five years shall be required to serve * * * unless willing to do so." See also T. 30, § 55 (8).
 ON REHEARING
CATES, Presiding Judge.
The prosecution's brief on rehearing in argument ignores:Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152,12 L.Ed.2d 190; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444,20 L.Ed.2d 491; Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692,42 L.Ed.2d 690; Gibbs v. State,[2] 44 Ala. App. 15, 200 So.2d 518;Stallworth v. State, 45 Ala. App. 254, 229 So.2d 26; andWashington v. State, 46 Ala. App. 539, 245 So.2d 824.
The State took the last three cases to the Supreme Court of Alabama without success. We know that the denial of the discretionary writ of certiorari creates no precedent; however, in view of Sims v. State, 286 Ala. 712, 246 So.2d 439, approving Gibbs, supra, and the action of the Supreme Court of the United States in Coleman, supra, we are confident that we are following established decisional law and not creating new principles.[3] *Page 1328 
The application is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur, except DeCARLO, J., who dissents.
[2] Gibbs is cited with express approval in Sims v. State,286 Ala. 712, 246 So.2d 439.
[3] In view of the Supreme Court's setting up of a committee to recommend new Rules of Criminal Procedure, Alabama may soon have an express procedural guide to replace the Coleman
principle. A clear cut and uniform rule would seem to be permissible under Francis v. Henderson, 425 U.S. 536,96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).