TYSON, Judge.
The indictment charged Wash Elliott with the grand larceny of one 1973 Volkswagen, of the value of $2500.00, the property of Hamac Corporation, in the possession of James Thomas Willoughby, Jr.
The jury found the appellant “guilty of grand larceny, as charged in the indictment,” and judgment set sentence at ten years imprisonment.
James Willoughby testified that on August 26, 1975, he was Superintendent of Education for the Houston County schools. He stated that on this date his automobile was being repaired, and that the “Hamac Corporation” had loaned to him a bright orange Volkswagen for his use during this time. He further stated that on the late afternoon of August 26, 1975, he had turned over possession of the vehicle to his son, Jimmy, to go to work, and that his son had driven it to the Sears Roebuck parking lot where he was employed.
James Willoughby, Jr., testified that on August 26, 1975, he drove a bright orange Volkswagen to the Sears Roebuck parking lot and left it near the Penny’s store section of the parking lot, around 5:00 that afternoon.
When he returned at 9:15 p. m., the car was missing. He stated that he had taken the keys to the ignition and placed them under a rubber floor mat inside the vehicle.
Jimmy Matthews testified that on. August 27, 1976, he was an investigator for the Dothan Police Department. He testified that he received a theft report involving a 1973 orange Volkswagen, bearing Alabama 1975 tag, No. 38-17009, with the vehicle identification number of 1132030489, and that he put out an all-points bulletin concerning this missing vehicle.
Roosevelt Patrick, Jr., testified that he was employed on August 29, 1975, at the Union 76 Station on Montana Street in Do-than, Houston County. He testified that on this date, which was a Friday, Wash Elliott brought a 1973 bright orange Volkswagen to his bake shop and asked him to paint it. He stated that the appellant asked him to paint it either “light blue or light green.” He stated that the appellant told him he would pay for it when he picked it up, that he was to pay him $100.00 for the paint job.
He further stated that the police officers came a day or two later and picked up the vehicle, advising him that it was a stolen car.
Johnny Bo wick testified that on August 29, 1975, he was employed at the Union 76 Station on Montana Street in Dothan, Alabama, and that they operated a bake shop at this station. He stated that he was present when the appellant brought in a 1973 orange Volkswagen with a beige interior, that appellant talked with him about having it painted. He stated that appellant told him he would pay him when he picked the car up, that they agreed on a $100.00 price, and that Roosevelt Patrick, Jr., was there when he talked with the appellant. He stated that the vehicle was never painted because a day or two later the police officers came by and picked up the vehicle.
Robert Quattlebaum testified that on August 26, 1975, he worked at Hamac Volkswagen in Dothan, Alabama. He testified that this company maintained a service department and loaned out cars when they were working on the vehicles for different customers. He stated that on this date a *160 bright orange 1973 Volkswagen with the vehicle number 1132030489 was loaned to Mr. James Willoughby, Sr., and that its value was between $2300.00 and $2400.00. He stated that this vehicle was subsequently returned to his service department by the Dothan Police Department.
James Wachob testified that he was an investigator for the Police Department in Dothan. On September 2, 1975, he went to the Union 76 Station on Montana Street in the company of Sergeant Harold Locke. At this time he talked with Roosevelt Patrick, Jr., and examined an orange 1973 Volkswagen which he found there and determined the vehicle identification number to be 1132030489, and that this was the missing Volkswagen which had been reported to his department by Mr. Willoughby. He stated further, after the jury was excluded in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, that he and his partner had given the appellant a full Miranda warning, and also the record discloses a proper preMiranda predicate, showing that there were no threats, intimidation, coercion, or inducement made to the appellant for a statement.
Officer Wachob stated that the appellant then gave him a statement in which he indicated that he had picked up the Volkswagen somewhere in the vicinity of Sears. He said that the appellant also told him that it was parked “somewhere close to the Penny’s parking lot,” [R. 53] and that the automobile was an orange Volkswagen. He further stated that the appellant told him the owner had said he could use the car.
Appellant made a motion to exclude the evidence, stating that the State failed to make out a prima facie case. This was overruled.
Wash Elliott testified that he had been convicted four times of burglary in Georgia, and once in Florida for breaking and entering. He also testified that he had two robbery convictions in Alabama. He stated that in late August, 1975, he had gone to Dothan from near Panama City where he had talked with a man named Jerry Lee Miller. He said that Miller gave him two Marihuana joints to go over to a church located in the Bottom section of Dothan and pick up an automobile, which was orange in color, and drive it to the Union 76 Station on Montana Street. He testified that he had attempted to locate Miller, but that he had apparently gone back to Florida. He testified that he had no relatives in Dothan. He testified that he took the officers out on Highway 231 to show them the church where he had picked up the car. He further testified that the officers had threatened him, saying that they would use a rifle butt on him, that they had slapped him “up side the head” in order to get a statement from him. He stated that he only had a third grade education.
On cross-examination, the appellant admitted that the officers had read to him the Miranda warning, but that he signed only because they were threatening to beat him. He stated that there were some rifles up on the gun rack in the room where he signed the statement.
The State then called Officer James Wa-chob in rebuttal. He testified that the appellant’s statement was given in the office of the Detective Bureau at Police Headquarters. He further testified that there were no arms of any kind in the room, and that there were no rifles on any wall. He stated that the appellant’s statement was given after the Miranda warning was given by Sergeant Locke, and that they only talked with him about thirty or forty-five minutes. He further testified that the appellant was allowed to write a letter, and that at no time did anyone ever threaten or abuse the appellant in any way.
I
Just prior to trial, the appellant made an oral motion to quash the venire, averring that there had been systematic exclusions of blacks from the jury panel in this cause, stating that of the eighty jurors summoned, only three were black. The oral motion also indicated that of the thirty jurors from *161 which the jury was to be selected, only two are black.
In denying this motion, the trial court took judicial knowledge of the racial composition of the jury box in the county, and stated that at least twenty-five percent of the names in the jury box in Houston County were black, and that there were six blacks on the list from which the jury was to be selected.
We are of the opinion that there was here an insufficient showing of a significant discrepancy, as to the alleged racial composition, and moreover there was no evidence whatsoever that there was any purposeful discrimination, which is a constitutional requirement. There was no evidence offered to show that different standards of qualification were applied by the jury commissioners to the black community, or that the same proportion of blacks qualified under the standards being administered by the jury commissioners.
In brief, the appellant failed to offer evidence to indicate that prospective jurors were selected on the basis of anything other than their individual qualifications. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.
In White v. State, 48 Ala.App. 111, 262 So.2d 313, we stated:
“The law is clear that a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his own race on the jury which tries him, nor on the jury roll from which grand and petit jurors are selected. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839.”
Moreover, in Butler v. State, 285 Ala. 387, 232 So.2d 631, our Supreme Court pointed out:
“The burden of proof is on the person attacking selection procedure to show ‘the existence of purposeful discrimination’ by the exclusion of Negroes on account of race from jury participation . Purposeful discrimination may not be assumed, or merely asserted. It must be proved.” [Citations omitted]
Both this Court and the Supreme Court of this State have on several occasions affirmed trial courts’ rulings on this identical issue, often in situations where the defendant had traveled much farther toward meeting his burden of proving purposeful discrimination than has appellant in this cause. Error is not here shown. Butler, supra; White, supra; Acoff v. State, 50 Ala.App. 206, 278 So.2d 210; Bryant v. State, 49 Ala.App. 359, 272 So.2d 286; Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666; Johnson v. State, Ala.App., 335 So.2d 663, 1976; Harris v. State, Ala., - So.2d -, 1976; Giddens v. State, 58 Ala.Cr.App. -, 333 So.2d 615, 1976.
Clearly the trial court’s ruling on the motion to quash is correct.
II
The appellant next contends that the statement given Officers Wachob and Locke should not have been admitted at trial because it was involuntary and coerced by threats and intimidation.
We do not agree.
The record here discloses a full hearing outside the presence of the jury by the trial judge on this issue, and the trial court determined that there was a proper Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, warning, and a full preMiranda predicate.
We are of the opinion that the trial judge’s conclusion that the accused’s statement was voluntary was adequately supported by the facts. Shewey v. State, 48 Ala.App. 730, 267 So.2d 520; Bills v. State, 49 Ala.App. 726, 275 So.2d 706, and authorities therein cited.
We are of the opinion that the trial court properly determined the voluntary nature of the appellant’s statement, and as such, the same was properly admitted at trial. Retowsky v. State, Ala.App., 333 So.2d 193, and authorities therein cited.
We have carefully examined this record, as required by law, and find same to be free *162 from error. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.