The appellant was indicted and convicted for rape. A jury fixed sentence at ten years' imprisonment.
There was no motion to exclude the state's evidence, no request for an affirmative charge or directed verdict, and no motion for new trial. All the requested charges were given and defense counsel announced "satisfied" with oral charge of the trial court. We are not called upon to review the sufficiency of the evidence to support the conviction. Without detailing the testimony of each witness we will simply state that there was sufficient evidence to support the charge of rape.
 I
The day before trial the appellant made an oral motion to quash the entire jury venire on the grounds that it "was not constitutionally constituted to race and age." In support of this motion, the clerk for the Etowah County Jury Commission had been ordered "to evaluate its system of selecting jurors for the jury roll as regards to race and age". Exhibits were introduced to show the number of names added and deleted from the jury roll by the Jury Commission since that time. The appellant argues that since these figures show more deletions than additions they alone are "sufficient to show a total failure of the commission to attempt to comply with the Court order of 1976 and that Wooten was not given a properly constituted jury venire from which to select his jury".
The clerk of the Jury Commission testified that she did not keep up with how many names were removed and added to the jury list. She denied any intentional discrimination and stated that she had made an effort to get more "young people" and blacks on the jury roll since 1976.
The exhibits introduced by the appellant list only the number of additions and deletions of names from the jury roll. They contain no indication of race or age. The only other evidence bearing on the issue of discrimination was statements of counsel of the facts that, of the ninety-four veniremen who were summoned and appeared for a week of jury trials, only three jurors were black and "a very small percentage — no one counted them specifically because no one had access specifically to their ages, but a very small number by appearance appeared to be under 30". No attempt was made to prove the percent of the black population of Etowah County and what percent was present on the entire jury venire. Nor was there any effort to prove how many individuals under thirty were included on or excluded from the venire list. The only reference to this matter was the statement of an attorney for another defendant who was to be tried the same week as the appellant, *Page 1194 
made in the initial presentation of the motion to the court, that "only three blacks are upon the venire, which represents some less than two and one-half percent of the total jury venire as opposed to a population in Etowah County representative of some twenty to twenty-two percent". The actual proof in this matter, without reference to surmise and speculation, is totally insufficient to support appellant's contentions of constitutional violations of the jury selection process.
 "Systematic exclusion means a purposeful non-inclusion based solely on race, and the burden of proving discrimination by systematic exclusion is on the defendant. Purposeful discrimination may not be assumed or merely asserted, it must be proved. Mere statistical disparity between the number of blacks presumed eligible for jury duty and the number actually included in the jury roll does not of itself establish a primary inference of invidious discrimination. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839; Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692; Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Beecher v. State, 294 Ala. 674, 320 So.2d 727."
 Rainer v. State, 342 So.2d 1348, 1349 (Ala.Cr.App. 1977).
See also Butler v. State, 285 Ala. 387, 232 So.2d 631 (1970).
 "(P)urposeful discrimination may not be assumed or merely asserted. Brownfield v. State of South Carolina, 189 U.S. 426, 23 S.Ct. 513, 47 L.Ed. 882; Tarrance v. State of Florida, 188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572; Smith v. State of Mississippi, 162 U.S. 592, 16 S.Ct. 900, 40 L.Ed. 1082; Bush v. Com. of Kentucky, 107 U.S. 110, 1 S.Ct. 625, 27 L.Ed. 354. It must be proven, Tarrance v. State of Florida, supra; Martin v. State of Texas, 200 U.S. 316, 26 S.Ct. 338, 50 L.Ed. 497, . . . But a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire of jury roll from which petit jurors are drawn. State of Virginia v. Rives, 100 U.S. 313, 322-323, 25 L.Ed. 667; Gibson v. State of Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075; Thomas v. State of Texas, 212 U.S. 278, 282, 29 S.Ct. 393, 394, 53 L.Ed. 512; Cassell v. State of Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839. Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group . . But an imperfect system is not equivalent to purposeful discrimination based on race."
 Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 827, 829, 830, 13 L.Ed.2d 759 (1965).
These same comments regarding discrimination based on race are equally applicable to discrimination based on age or any other factor. Giddens v. State, 333 So.2d 615 (Ala.Cr.App. 1976).
Disproportionate statistics, e.g. black population as against black jurors, may constitute a prima facie case of purposeful discrimination shifting the burden to the state to rebut the presumption of unconstitutional action. Black v. Curb,464 F.2d 165, 168 (5th Cir. 1972). Here the appellant failed to sustain his burden of proof in supplying such disproportionate statistics. There is no legal evidence in this case to even find a statistical disparity between the number of blacks and youths presumed eligible for jury duty and the number actually included in the jury roll. Jackson v. Morrow, 404 F.2d 903 (5th Cir. 1968); Harris v. State, 352 So.2d 460 (Ala.Cr.App.), affirmed, 352 So.2d 479 (Ala. 1976); Elliott v. State,337 So.2d 158 (Ala.Cr.App. 1976); Giddens v. State, 333 So.2d 615
(Ala.Cr.App. 1976); Bowens v. State, 54 Ala. App. 491,309 So.2d 844, cert. denied, 293 Ala. 746, 309 So.2d 850 (1974); Lipscombv. State, 53 Ala. App. 647, 303 So.2d 148 (1974); Racine v.State, 51 Ala. App. 484, 286 So.2d 890, cert. denied, 291 Ala. 684, 286 So.2d 896 (1973). The evidence in this case only reveals the racial composition of the jury venire drawn for one week of trial. Since no proof was ever offered to show the age or racial composition of the *Page 1195 
master jury list and of the entire county, the motion to quash was insufficient and could have been denied without a hearing.Harris, supra. Here the motion was properly denied following a hearing.
 II
After a jury was duly qualified but before it was impaneled, defense counsel challenged for cause the entire venire. The motion was made in the trial judge's chambers.
 "MR. HUDSON (Defense Counsel): Your Honor, the defendant would challenge for cause the entire venire on the grounds that in response to a question asked by Mr. Moore (Deputy District Attorney) did any of them believe the virginity of the prosecuting witness to have any bearing on the issue in the case or her consent, that no one answered that they thought that it had any such bearing, and, your Honor, I think that the virginity of the witness does have a bearing on the issue of her consent, and that the jury — the entire venire has shown its prejudice in this regard, and we would challenge the entire venire for cause.
"THE COURT: Overrule. Is that all?
"MR. HUDSON: Yes, that's all."
At trial no evidence was presented or comment made to show the previous chastity of the prosecutrix. We read the alleged question and jury response to mean that, even if the prosecutrix had been chaste, the jury would not allow it to bias or prejudice their verdict and overwhelm their assessment of the facts.
Additionally we note that evidence that the prosecutrix was a woman of chaste or unchaste character is perfectly competent evidence as bearing on the probability or improbability of her consent to the alleged act of intercourse with the accused.Griffin v. State, 155 Ala. 88, 46 So. 481 (1908). Though his rule is now limited by Section 12-21-203, Code of Alabama 1975, restricting evidence relating to the past sexual behavior of the complaining witness to that directly involving the participation of the accused, the jury has the right to consider any proper evidence on this subject, its weight and effect being solely within their determination.
We find no indication of probable bias or prejudice in the jury's response to the district attorney's question. The trial judge properly denied the motion.
We have searched the entire record for error and found none. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.