DeCARLO, Judge.
The appellant was charged with violating § 16-18 of the General Code of the City of Birmingham, Alabama, 1964, as amended. The complaint alleged that, on May 30, 1978, the appellant knowingly and intentionally sold, at the “Pussy Cat Adult Thea-tre” an obscene book, “Climax 2,” in violation of § 16-18, supra. Appellant was tried and convicted in the municipal court without a jury.
Appellant appealed to the circuit court, and, on October 19, 1979, he was tried by a jury, was found guilty as charged in the complaint, was sentenced to 180 days hard labor, and was fined $500.00.
Prior to trial, on October 18, 1979, the appellant filed a motion to suppress and a motion to quash. A hearing was held and both were overruled.
I
The appellant has raised the issue of “whether the trial court erred in refusing to permit appellant to call and examine witnesses selected by him in support of his motion to quash, choosing instead to adopt the testimony of witnesses given in earlier trials involving other defendants and other publications, as a basis for his overruling said motion.” At the hearing on the motion to quash, the court found that, because there was no discriminatory enforcement against adult bookstores, the motion should be overruled.
The record reveals the following:
“THE COURT: ... It [the motion] seeks to quash it [the indictment] on the grounds of discriminatory enforcement against the adult bookstores. This Court heard the testimony of Dennis McNutt in the Holderfield case, H-o-l-d-e-r-f-i-e-l-d, adult book store, Case Number CC 78-01211. And I have he was arrested May the 10th, 1978. And this Court heard the testimony of Captain Townes, T-o-w-n-e-s, Sergeant Tripplett, T-r-i-p-p-l-e-t-t, in the Coble, C-o-b-l-e case, CC 78-01428; and I have him arrested as of June 1, 1973, adult book store, on the question of discrimination. And then the Henry Starley, S-t-a-r-1e-y, case, in which I have the enforcement officers of the Birmingham Police Department bought the book on February 27th, 1978. And Walkinshaw, Sergeant Walkinshaw, testified in that case with reference to discrimination. And that testimony as far as I can tell ranges from February the 27th to June the 1st. And on the testimony of those one, two, three, four witnesses, the Court found that there was not discriminatory enforcement. And therefore, the motion to quash is overruled on that basis, and the Court adopts the testimony given in those cases. And is going to instruct the court reporter to put the testimony as to the testimony of these four people in the transcript should this case have to be appealed.

“MR. RITCHEY: . . I would object to the Court not permitting the defendant, this defendant, Cary Hawkins, in this case, putting on evidence on the question of unlawful discrimination against him and others of his class, and instead adopting or incorporating the testimony of these various police officers and witnesses in three other cases which Your Honor has previously heard. And among other grounds, one of which I think that this is not a proper procedure, that each defendant is entitled to have his case tried with witnesses presented in his behalf. The answers elicited from these witnesses might be entirely different than the answers that were given in those cases. Of course, they might also be the same. But more important, the Supreme Court of Alabama-has spoken twice now on this issue, both in the appeals of Michael Robinson and in the appeal of Henry Starley, in which they have indicated that the testimony taken in those cases was not sufficient to make out the question of unlawful discrimination.

*193 “THE COURT: ... I certainly do overrule this motion, based on what the Court says, namely, the Court says three elements must be proven, selectivity of enforcement, selectivity that is intentional, and selectivity based on unjustifiable standards, such as race, religion or other arbitrary classifications. And I have in each one of those cases, and now in this ease I find that these three principles are not violated. I don’t think-frankly, I just don’t think they have in any case I’ve tried, and I’ve tried seemingly a load of them.”
Matters within the sound discretion of the trial court are generally not reviewable on appeal unless there has been a clear abuse of discretion. Pace v. State, 284 Ala. 585, 226 So.2d 645; Clayton v. State, 244 Ala. 10, 13 So.2d 420; Sharp v. State, 23 Ala.App. 457, 126 So. 895. Although the overruling of a motion to quash falls within the discretionary powers of the lower court, “a gross abuse of any discretion reposed in the trial court, when it clearly appears from the record, is always a matter that this court has authority to revise . . ..” [Emphasis added] Burleson v. State, 22 Ala.App. 526, 117 So. 500.
Discussing the method for determining whether an abuse of discretion has occurred, the Alabama Supreme Court, in Clayton v. State, 244 Ala. 10, 13 So.2d 420, stated:
“And while it is not necessary, to constitute abuse, that the court shall act wickedly or with intentional unfairness, it is essential to show that it has committed a clear or palpable error without the correction of which manifest injustice will be done. [I]n no case will the exercise of this discretion be reviewed where it manifestly appears that justice has been done without sacrificing the rights of defendant.” [Emphasis added].
In the present case, we believe that an abuse of discretion concerning the hearing on the motion to quash “clearly appears from the record.” The transcript reveals that the motion was overruled without affording the appellant the opportunity to call witnesses m support of his allegations. Such procedure by the lower court was error. Sims v. State, 286 Ala. 712, 246 So.2d 439; Malone v. State, 46 Ala.App. 363, 242 So.2d 409. This error resulted in “sacrificing the rights” of the appellant to be heard.
We recognize that the testimony of appellant’s witnesses, if they had been allowed to testify, may not have been different from their testimony in other cases involving other defendants. However, the possibility that their testimony may have been different also exists. Consequently, this appellant should have been afforded the opportunity to be heard.
The trial judge’s decision to overrule the motion to quash based on the testimony of witnesses in previous cases involving different defendants and different publications was a failure to conduct an adequate investigation into the facts of the present case necessary for an intelligent exercise of discretion and was, therefore, an abuse of discretion.
Appellant raised three other issues, but in light of the conclusion we reach here we deem it unnecessary to treat them.
Based on the foregoing reasons, the judgment of conviction by the Jefferson Circuit Court is hereby reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.