PEOPLE v SMITH

Docket No. 64780. Submitted May 5, 1983, at Detroit.—Decided July 28, 1983. Leave to appeal denied, 418 Mich 918.

David G. Smith was convicted of third-degree criminal sexual conduct by a jury in Wayne Circuit Court and was sentenced, Patrick J. Duggan, J. Defendant appeals. *Held:*

1. The trial court did not err in refusing to permit defense counsel to cross-examine the complainant regarding her prior sexual activities with defendant. The trial court properly found that such testimony would be more prejudicial than probative of credibility.

2. There is no merit in defendant's argument that the trial court erred in allowing the prosecutor to go behind defendant's assertion of a past sexual relationship and cross-examine him with respect to the quality and extent of that relationship.

3. The trial court did not err by submitting the charge of first-degree criminal sexual conduct to the jury. Defendant was originally charged with first-degree criminal sexual conduct and there was sufficient evidence from which the jury could have found defendant guilty of that crime.

4. The trial court did not abuse its discretion in admitting evidence of defendant's conviction for larceny in a building. Evidence of the conviction was more probative of credibility than prejudicial.

Affirmed.

1. RAPE — WITNESSES — IMPEACHMENT — PRIOR SEXUAL CONDUCT OF VICTIM.

Evidence that a complainant in a prosecution for criminal sexual conduct had consented to sexual relations with the defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 84.
Modern status of admissibility, inforcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.
[2] 65 Am Jur 2d, Rape §§ 82-84, 86.
Constitutionality of "rape-shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.
[3] 65 Am Jur 2d, Rape §§ 4, 7.

in the past is not admissible to impeach the complainant's credibility because it is unrelated to her truthfulness as a witness (MCL 750.520j; MSA 28.788[10]; MRE 608).

2. Rape — Rape Victim Shield Law — Witnesses.

    The rape victim shield law was drafted specifically as a shield law for rape victims; it does not apply to shield all witnesses at rape trials (MCL 750.520j; MSA 28.788[10]).

3. Rape — First-Degree Criminal Sexual Conduct.

    First-degree criminal sexual conduct includes circumstances under which the actor is armed with a weapon or where the actor used force or coercion to accomplish sexual penetration (MCL 750.520b, subds [1][d][ii], [1][e]; MSA 28.788[2], subds [1][d][ii], [1][e]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Kevin G. Simowski,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: Gribbs, P.J., and Bronson and Beasley, JJ.

Per Curiam. Defendant appeals as of right his jury-based conviction for third-degree criminal sexual conduct, MCL 750.520d, subd (1)(b); MSA 28.788(4), subd (1)(b). He had orginally been charged with first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), but was convicted on the lesser charge. On appeal, he raises three issues, none of which require reversal.

Defendant first contends that the trial court erred in refusing to permit defense counsel to cross-examine the complainant regarding her prior sexual activities with defendant. According to defendant, once the complainant volunteered that

her relationship with defendant had been "platonic", then evidence of prior sexual relations would have been inconsistent testimony relevant to the complainant's credibility. The trial court found that such testimony would be more prejudicial than probative of credibility and sustained the prosecutor's objection to the proposed line of questioning. We believe that the trial court acted properly in doing so. Michigan's rape victim shield law, MCL 750.520j; MSA 28.788(10), provides:

> "(1) Evidence of specific instances of the victim's sexual conduct * * * shall not be admitted under [MCL 750.520d; MSA 28.788(4)] unless and only to the extent that the judge finds that the following proposed evidence is *material to a fact at issue in the case* and that its inflammatory or *prejudicial nature does not* outweigh its probative value:
> "(a) Evidence of the victim's past sexual conduct with the actor * * *.
>
>         *    *    *
>
> "(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant *within 10 days after the arraignment on the information shall file a written motion and offer of proof* * * *." (Emphasis added.)

The language of the foregoing statute reveals several reasons why the trial court acted properly in refusing to allow defendant's proposed line of questioning. First, there was no showing whatsoever that defendant had complied with the notice provision set forth in subsection (2), *supra.* As a result, even if the proposed evidence were more probative than prejudicial, defendant's failure to meet the procedural prerequisites for its admission was by itself sufficient to justify the trial court's decision. Second, even if defendant had met the requirements, the crucial fact remains that the victim's

past sexual conduct with the actor was not "material to [any] fact at issue in the case", MCL 750.520j(1); MSA 28.788(1)(1), *supra.* The trial court took note of that fact by observing that defendant had not raised the issue of consent. The only purpose of the proposed evidence was to impeach the complainant's credibility regarding the nature of her prior relationship with defendant, an issue which the trial court properly characterized as a "collateral matter" absent some showing that the issue of consent was involved. MCL 750.520j(1); MSA 28.788(10)(1) specifically prevents an accused from attacking the victim's credibility where the inquiry touches upon the subject of the victim's prior sexual conduct. See *People v Williams,* 416 Mich 25; 330 NW2d 823 (1982) and MRE 608.

There is one final reason why the trial court's refusal to allow the proposed cross-examination could not have been reversible error: defendant was not prejudiced by the refusal because evidence of his prior sexual activity with the complainant was in fact admitted later at trial. The court permitted defendant to testify during his own direct examination that he had had some sexual encounters with the complainant. We find no merit in defendant's alternative argument in connection with this issue, that the trial court erred in allowing the prosecutor to go behind defendant's assertion of a past sexual relationship and cross-examine him with respect to the quality and extent of that relationship. By testifying as he did on this issue, defendant opened the door to the prosecutor's inquiry. There is no statute analogous to MCL 750.520j; MSA 28.788(10) which might have applied to prevent the prosecutor from following through once the door had been opened.

Here, the person who opened the door to inquiries about past sexual encounters was the accused rather than the victim. MCL 750.520j; MSA 28.788(10) was drafted specifically as a shield law for rape *victims;* it was not intended to apply to shield all witnesses at rape trials and certainly was not intended to "shield" the accused or to place him on an equal footing with his victim. In short, defendant's alternative argument as to this issue is completely spurious.

Defendant next contends that he was prejudiced by the trial court's submission of the charge of first-degree criminal sexual conduct to the jury. According to defendant, submission of that charge was unjustified because there was insufficient evidence to support that charge. We disagree. First-degree criminal sexual conduct includes circumstances under which the actor is armed with a weapon, MCL 750.520b, subd (1)(e); MSA 28.788(2), subd (1)(e), but also extends to situations where the actor uses force or coercion to accomplish the sexual penetration. MCL 750.520b, subd (1)(d)(ii); MSA 28.788(2), subd (1)(d)(ii). Force or coercion is defined as including the following circumstances:

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration * * *
"(i) When the actor overcomes the victim through the actual application of physical force or physical violence. * * *" MCL 750.520b, subd (1)(f); MSA 28.788(2), subd (1)(f).

In the present case, the testimony supports a finding that defendant was armed with a dangerous weapon; specifically, a knife. The complainant testified that defendant brandished the knife. Although defendant's sole *explicit* threat was to

slash the waterbed, his possession of the knife carried with it an implicit threat which was apparently instrumental in securing the complainant's cooperation:

"*Q.* Thank you, did you lie still while he blindfolded you and tied you?

"*A.* Yes, I did.

"*Q.* Why?

"*A.* I was afraid he could hurt me. He did have a knife and I did not want any pain * * *."

Based upon this evidence alone, the jury could have found that defendant was armed with a weapon, MCL 750.520b, subd (1)(e); MSA 28.788(2), subd (1)(e). Even if there had been no testimony regarding defendant's use of a knife, there was clear and credible testimony that defendant met the alternative requirement of using "force or violence" to accomplish the penetration and that he caused personal injury to the complainant. Complainant testified that the defendant forcibly undressed her, cut her over the eye in the process of blindfolding her, forced a tennis ball into her mouth, which caused her lips to become swollen, and cut her arms and wrists in the process of tying her up. Certainly, this evidence was a sufficient basis for a rational trier of fact to find that all of the elements of first-degree criminal sexual conduct had been fulfilled beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). Accordingly, we conclude that the trial court acted properly in submitting the charge of first-degree criminal sexual conduct to the jury.

Finally, we reject defendant's argument that the trial court abused its discretion in admitting evidence of defendant's conviction for larceny in a

building. The court expressly recognized its discretion under *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), to exclude evidence of such conviction and went on to apply carefully the appropriate factors in finding the conviction more probative of credibility than prejudicial. Specifically, the court found (1) that the offense was very dissimilar from the offense for which the defendant was on trial, (2) that it was a crime of dishonesty which related closely to the issue of credibility, (3) that it was recent enough to remain probative of defendant's current credibility, and (4) that the issue of credibility was central to the disposition of the case because the statements of the defendant would have to be weighed against those of the complainant. The court was also careful to limit the jury's use of evidence of the prior conviction by giving appropriate cautionary instructions. In short, there is no basis for any finding that evidence of the conviction was improperly admitted or that defendant might have suffered any prejudice.

Affirmed.