PATTERSON, Judge.
The appellant, Spencer Wilson, alias, was indicted and convicted for the offense of rape in the first degree, which is proscribed by § 13A-6-61(a)(l), Code of Alabama 1975. He was sentenced to a sentence of ten years, split as three years’ imprisonment and five years’ probation.
The prosecution presented the following facts: On March 12, 1987, after the victim had fallen asleep, about 9:30 p.m., while watching television in her bedroom, she was awakened at approximately midnight by appellant, who was getting into bed with her. Appellant had been her next-door neighbor for the two years she had resided at this particular apartment; however, she did not know his last name and had spoken to him only in passing. The victim intensely struggled with appellant and screamed, but he responded by beating her in her face and choking her. Then, he had sexual intercourse with her. During this encounter, appellant called her “a bitch” and told her that she “was better than all the rest of the women around here, he have had all of 'em.” After forcing her to have sexual intercourse, he forced her “to make oral sex to him.” After he ejaculated, he told her that “he got to do something else to [her].” She said she was first going to the bathroom to get him a towel. He allowed her to do so, but she escaped oiit her back door.
When the police officers arrived, the victim told the officers that “Spencer,” her neighbor, was her assailant. One officer went to appellant’s apartment and brought appellant before the victim, who positively identified him. Appellant was then arrested, and the victim was taken to the hospital. Upon examination, it was discovered that, in addition to her facial and neck injuries, the tissues about the opening of her vaginal canal were crushed and her vaginal canal contained semen. Upon later testing, it was determined that this semen was from a man who is a blood type A, *448 secretor, possessing the “two plus trait.” The testing of appellant’s blood revealed that he falls into this category. The specific traits occur in two percent of the black population.
Although appellant raises three issues on appeal, we address only one, for the remaining two issues contest the sufficiency of the evidence, which we find to be amply sufficient. Appellant contends, in the third issue, that the trial court committed reversible error by refusing to allow him to present the testimony of defense witness Wallace Hawkins about an alleged prior conversation between the victim and appellant regarding “the victim’s desire for sex” with appellant. In an in camera hearing, the following occurred:
“MR. FAWWAL [defense counsel]: Your Honor, at this point where we are with this witness Mr. Hawkins, he’s about to relate in response to my questions a circumstance where he and the defendant and the victim were on the porch of the victim’s home, where they were drinking and having a conversation, and during that conversation this witness was party to witness sexual overtones toward the defendant.... Basically, this witness was trying to get the victim to go with him and she was saying that she wanted to go with the defendant instead.”
The trial court allowed the witness to testify only to the fact that he, the victim, and appellant once sat on appellant’s back porch and drank. This testimony was in contradiction of the victim’s testimony that she had never had a conversation with appellant and that they had never been drinking before.
Appellant contends that testimony of the alleged conversation should have been allowed, “[fjirst to rebut testimony of the victim that she had never socialized with the Appellant, and secondly to show her fondness for Appellant prior to the time [i]n question.” (Brief, p. 25.) We note that defense counsel offered no evidentiary hypothesis, to the trial court, to support his request for reception of the proffered evidence.
For purposes of our discussion, we choose to first address appellant’s second ground for admission, “to show [the victim’s] fondness for Appellant.” Under the rape shield statute, § 12-21-203, evidence of past sexual behavior of the victim directly involving the participation of the defendant may be considered by the jury as bearing on the issue of consent. McGilberry v. State, 516 So.2d 907, 913 (Ala.Cr.App.1987) (citing Wooten v. State, 361 So.2d 1192 (Ala.Cr.App.1978)). See also C. Gamble, McElroy’s Alabama Evidence § 45.11(6) (3d ed. 1977). However, we need not determine whether the proposed evidence was admissible under § 12-21-203(c), as “past sexual behavior directly involving] the participation of the accused.” [1] Rather, the threshold consideration is whether the proposed testimony was material at all. “Any orderly analysis, as to the admissibility of an item of evidence, should begin with the concept of materiality.” C. Gamble, supra, at § 20.01, p. 14 (1987 Supp.). Appellant presented an alibi defense; he adamantly denied having had sexual intercourse with the victim on the occasion in question or even having entered her apartment. “If the accused takes the position at trial that he did not have the alleged intercourse, then consent is not at issue.” Id. at § 32.01. Since consent is not at issue, any prior sexual behavior with appellant is not material. The victim’s alleged prior sexual behavior involving appellant would not have given rise to an inference that was an ultimate issue in the case; in other words, the victim’s consent was not an issue in the prosecution of this case and, thus, any evidence offered for the purpose of proving consent was immaterial and, consequently, inadmissible. See id. at §§ 20.01 and 21.01(1). “In this posture, [appellant’s] proffered evidence of his alleged past sexual relations with the victim did not tend to prove or disprove a disputed *449 fact of consequence in the cause.” State v. Graham, 58 Ohio St.2d 350, 390 N.E.2d 805, 807 (1979). “The [Alabama] courts have made it clear, especially in instances where evidence is only admissible for a particular purpose, that the argued purpose must be a material issue in the case.” C. Gamble, supra, at § 20.01, p. 15 (footnote omitted). Appellant has offered no other purpose for which the proferred evidence would have been admissible. We hold that the proposed testimony was immaterial to any material element.
We further hold that such testimony, being of an immaterial and collateral nature, was improper for impeachment of the victim’s testimony that she had never socialized with appellant. We first note that appellant was allowed to impeach the victim’s testimony that she had never socialized with him, for Hawkins was allowed to testify that he, the victim, and appellant sat on appellant’s back porch and drank together. Moreover, even if we broadly construe appellant’s use of the term “socialized” to encompass a prior sexual overture, it is impermissible to impeach a witness with self-contradiction concerning an immaterial matter. Id. at § 156.01(1). We have held that any prior sexual behavior of the victim, in this case, was not admissible upon any issue; neither has appellant alleged that it was admissible for the purpose of impeaching the victim’s credibility in some means other than inconsistency. Thus, such behavior was immaterial and not subject to contradiction. See id. at § 156.01(3). See also People v. Smith, 128 Mich.App. 361, 340 N.W.2d 855 (1983).
Accordingly, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. We do note, however, that the proffered testimony to the effect that the witness "was trying to get the victim to go with him and she was saying that she wanted to go with the defendant instead” would have to be greatly stretched to support the inference that the victim was expressing a sexual desire for appellant.